IN THE U.S. DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

DAVID H. PEASE III                    )    CASE NO.  2:07-cv-340-ID
1100 Rookwood Drive                   )
Cincinnati, OH  45208                 )
                                      )    2007 APR 20  A 11:23
                                      )    DEBRA P. HACKETT, CLK
     And                              )    U.S. DISTRICT COURT
                                      )    MIDDLE DISTRICT ALA
                                      )
LISA PEASE                            )    **COMPLAINT WITH**
1100 Rookwood Drive                   )    **JURY DEMAND**
Cincinnati, OH  45208                 )
                                      )
                                      )
     Plaintiffs,                      )
                                      )
                                      )
     v.                               )
                                      )
                                      )
KELLY AEROSPACE, INC., d/b/a          )
KELLY AEROSPACE POWER                 )
SYSTEMS, INC., An Alabama Corporation )
1400 East South Street                )
Montgomery, AL  36116                 )
c/o CSC LAWYERS, INC., and            )
SERVICE, INC., Statutory Agent        )
150 South Perry Street                )
Montgomery, AL  36104                 )
                                      )
                                      )
     And                              )
                                      )
                                      )
LYCOMING ENGINES, An Operating        )
Division of AVCO Corporation, A Wholly)
Owned Subsidiary of TexTron, Inc.     )
652 Oliver Street                     )
Williamsport, PA  17701               )
                                      )
                                      )
     And                              )
                                      )
                                      )
MAIN TURBO SYSTEMS                    )
234 South Cotta Street                )
Visulia, CA  93293                    )
c/o William Main, Statutory Agent     )
234 South Cotta Street                )
Visulia, CA  93293                    )
                                      )
                                      )
     And                              )

JOHN DOE(S) 1-10, Persons, Corporations, )
Political Subdivisions, or Other Entities )
Responsible for the Injuries to David H. )
Pease III or for the Conduct of the )
Defendants Named Herein, Names and )
Addresses Unknown )
 )
      Defendants )

## COMPLAINT WITH JURY DEMAND

Come now the Plaintiffs, David H. Pease III and Lisa Pease, and bring this action

for a personal injury against the named Defendants and state as follows:

### I. JURISDICTION AND VENUE

1.      On or about June 5, 2005, the Defendant, Kelly Aerospace, Inc., d/b/a

Kelly Aerospace Power Systems, Inc., operated as a manufacturer of aircraft systems

and components at its principal place of business in Montgomery, Alabama. The

Defendant, Kelly Aerospace, was the manufacturer of the Garrett TA04 turbocharger

which is part of the subject matter of this lawsuit.

2.      On or about June 5, 2005, the Defendant, Kelly Aerospace, Inc., d/b/a

Kelly Aerospace Power Systems, Inc., was an Alabama corporation with a current

corporate registration and with a designation of agent for service of process in the City

and County of Montgomery, Alabama.

3.      On or about June 5, 2005, the Defendant, Lycoming Engines, was a

Pennsylvania corporation and an operating division of the AVCO Corporation, a wholly

owned subsidiary of Textron, Inc.  The Defendant, Lycoming Engines, and the

Defendant, Kelly Aerospace, Inc., do business and have substantial and systematic business contacts in the State of Alabama.

4.    Lycoming Engines operated as an aviation engine, system and component manufacturer at its principal place of business in Williamsport, Pennsylvania.

5.    The Defendant, Lycoming Engines, designed and manufactured the T.I.O.-540 AH1A engine at its principal place of business and manufacturing facilities in Williamsport, Pennsylvania.

6.    On or about June 5, 2005, the Defendant, Main Turbo Systems, operated as a component and aircraft repair station at its principal place of business, Visulia, California. The Defendant, Main Turbo Systems, Inc., does substantial and systematic business in the State of Alabama by virtue of the repairs it performs on Kelly Aerospace, Inc., turbo chargers and turbocharger component parts.

7.    On or about June 5, 2005, Plaintiffs, David H. Pease III and Lisa Pease, were citizens and residents of Cincinnati, Hamilton County, Ohio.

8.    This Court has jurisdiction over this action for personal injury and product liability in that on June 5, 2005, there was complete diversity between all of the parties pursuant to 28 U.S.C. §1332, and a substantial part of the acts alleged in this action took place in the State of Alabama, in Montgomery County and the City of Montgomery.

## II.  GENERAL ALLEGATIONS

9.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 8 above as if fully rewritten herein.

10.    On June 3, 2005, David H. Pease III (hereinafter "Pease") took a Piper/PA-32R-301T to a repair station at Cincinnati Municipal Airport, Lunken Field, for maintenance and repair of the engine turbo charge assembly by Air Tolin, Inc., operating as an aircraft repair station at its principal place of business, Cincinnati Municipal Airport, Lunken Field, Hamilton County, State of Ohio.

11.    On or about June 5, 2005, Air Tolin, Inc., was an Ohio corporation with a current Ohio corporation registration number, No. 866979, doing business in the City of Cincinnati, County of Hamilton, Ohio.

12.    On June 5, 2006, the Plaintiffs, David H. Pease III, and Lisa Pease, filed suit against Air Tolin, Inc., in the Court of Common Pleas, Civil Division for Hamilton County, Ohio; the Case Number of that action is A0604964.

13.    On June 5, 2005, Pease, acting as Pilot-in-Command of the Piper/PA-32R-301T aircraft bearing registration N341MA, flew from Lunken Field, Cincinnati, to Asheville, North Carolina, and dropped off a passenger.

14.    On June 5, 2005, after taking off with a visual flight plan in visual meteorological conditions, the Plaintiff experienced a catastrophic engine failure, due in whole or in part upon engine oil starvation and the failure of critical internal engine parts.

15.    On June 5, 2005, the aircraft descended from cruise altitude without power, struck a house trailer, and crashed into the back of a pickup truck near Tazewell, Tennessee.

16.    As a result of the crash of the Piper/PA-32R-301T, the Plaintiff, David H. Pease III, was caused to suffer serious, permanent and disabling injuries including but

4

not limited to: multiple complex fractures of the right arm, ribs and leg, a left temporal

fracture, a right frontal calvarial associated with intraparenchymal and extra-axial

hemorrhaging, extensive pneumocephalus, a right orbital blow out and displacement of

the right eye, probably neuropathy of cranial nerve II, lung contusions, loss of hearing,

loss of taste, loss of sight, numerous significant and minor contusions and cuts, traumatic

brain injuries, post traumatic stress disorder, amnesia and physical and mental pain and

suffering. Further, the Plaintiff was hospitalized in Tennessee and Ohio for many

months for numerous surgeries, incurring in excess of $266,000 in medical bills.


### III. NEGLIGENCE OF DEFENDANT MAIN TURBO SYSTEMS, INC.

17.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1

through 16 above as if fully rewritten herein.

18.     At all times on or before June 5, 2005, the Defendant, Main Turbo

Systems, Inc., owed a duty to Plaintiffs to exercise the judgment, care, skill and

knowledge of a reasonably prudent professional aircraft and component repair station

when performing repairs and overhauling the Kelly Aerospace-Garrett Turbocharger

Model TA0413IBP, which was subsequently installed on the accident aircraft, PA-32R-

301T, by Air Tolin at its repair and service facilities in Cincinnati, Ohio.

19.     Notwithstanding the aforesaid duty, the Defendant, Main Turbo, Inc.,

breached its duty of care to the Plaintiffs by one or more of the following acts or

omissions:

    a)      Negligently and carelessly failing to overhaul the Turbocharger from the
            Pease aircraft by failing to replace two (2) critical lock plates which were
            not part of the Turbocharger assembly when examined in the post
            accident tear down;

b)    Negligently and carelessly failing to repair and replace the Turbocharger and associated parts of the Plaintiff's Piper/PA-32R-301T aircraft engine and Kelly Aerospace/Garrett Turbocharger so as to prevent failure of the turbocharger mechanism, associated parts and prevent oil starvation and engine failure;

c)    Negligently and carelessly failing to inform Air Tolin in Cincinnati, Ohio, of the correct methods and complete parts inventory for the overhauled assembly of the Garrett Turbocharger Model TA0413 IP; and

d)    Negligently and carelessly failing to warn the pilot, repair facility and other parties involved with the work performed on June 3, 2005, of the unairworthy condition of the aircraft itself.

20.    As a direct and proximate result of the Defendant's negligence, the Plaintiff David H. Pease III, was caused to suffer serious, permanent, disabling and disfiguring injuries, emotional injuries and distress, economic losses and compensatory, pecuniary and non-pecuniary damages, all in excess of jurisdictional amount.

WHEREFORE, Plaintiff David H. Pease III demands judgment against Defendant Main Turbo Systems for such sums as the evidence may show and a jury allows compensating the Plaintiff for his injuries, loss and damages, both present and future, together with the costs of this action.

## IV. NEGLIGENCE OF DEFENDANT KELLY AEROSPACE, INC., D/B/A KELLY AEROSPACE POWER SYSTEMS, INC.

21.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 20 above is if fully rewritten herein.

22.    At all times on or before June 5, 2005, the Defendant, Kelly Aerospace, Inc., d/b/a Kelly Aerospace Power Systems, Inc. (hereinafter, "Kelly"), owed a duty to Plaintiffs to exercise the judgment, care, skill and knowledge of a reasonably prudent

6

professional aircraft and component design and production manufacturer when designing

and building the Kelly Aerospace-Garret Turbocharger Model TA0413ITB, which was

subsequently installed on the accident aircraft, PA-32R-301T by Air Tolin at its repair

and service facilities in Cincinnati, Ohio, after having been repaired and overhauled by

Main Turbo Systems, Inc., at its principal place of business, Visulia, California.

      23.    Notwithstanding the aforesaid duty the Defendant, Kelly breached the

duty of reasonable care to the Plaintiffs by one or more of the following acts or

omissions:

      a)    Negligently and carelessly failing to design and manufacture the Garrett
Turbocharger and the component turbo oil drain tank so as to limit its
exposure to unusual and destructive vibration when installed on the
Lycoming TIO-540 engine;

      b)    Negligently and carelessly designing and manufacturing the Garrett
Turbocharger for installation on the Lycoming TIO-540 without warning
repair and maintenance facilities and overhaul operations of the critical
nature of the lock palates to the turbo oil drain tank, exposing the tank
itself to unusual and destructive vibrations and compromising the
clearance of rotating compressor parts by virtue of engine oil starvation;
and

      c)    Negligently and carelessly designing and manufacturing the Garrett
Turbocharger for installation on the Lycoming TIO-540 engine when
Kelly knew or should have known that the absence of certain critical
fittings would result in a poorly mounted oil drain tank, releasing the oil
and leading to the stoppage of the engine in flight.

      24.    As a direct and proximate result of Defendant's negligence, Plaintiff,

David H. Pease III, was caused to suffer serious, permanent, disabling and disfiguring

injuries, emotional injuries and distress, economic losses and compensatory, pecuniary

and non-pecuniary damages, all in excess of jurisdictional amount.

      WHEREFORE, Plaintiff David H. Pease III demands judgment against Defendant

Kelly Aerospace, Inc., d/b/a Kelly Aerospace Power Systems, Inc., for such sums as the

evidence may show and a jury allows compensating Plaintiff for his injuries, loss and

damages, both present and future, together with the costs of this action.

## V. NEGLIGENCE OF THE DEFENDANT LYCOMING ENGINES

25.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1

through 24 above as if fully rewritten herein.

26.     At all time on or before June 5, 2005, the Defendant, Lycoming Engines,

owed a duty to Plaintiffs to exercise judgment, care, skill and the knowledge of a

reasonably prudent professional aircraft engine manufacturer when designing and

manufacturing the Lycoming TIO-540 engine when it permitted the design manufacture

and installation of the Kelly Turbocharger Model TA0413IBP and its turbo oil drain tank

on its engine by a cantilever method which Lycoming knew or should have known

would expose the engine and the turbocharger to unusual and destructive vibration

resulting in oil starvation and the destruction of the engine when in flight.

27.     Notwithstanding the aforesaid duty, the Defendant, Lycoming Engines,

breached their duty of reasonable care to the Plaintiffs by one or more of the following

acts or omissions:

     a)     Lycoming negligently and carelessly failed to design and manufacture its TIO-540 engine and incorporated the Kelly Aerospace Turbocharger Model TA0413IBP to be attached by a cantilever method, which the Defendant knew or should have known would expose the Turbocharger and its turbo oil drain tank to unusual and destructive vibration risking oil starvation and engine failure.

     b)     Lycoming negligently and carelessly failed to warn operators, repair and maintenance organizations and repair and overhaul organizations that the failure to follow strict instructions with respect to the repair and overhaul of the TIO-540 engine and its incorporated Garrett turbocharger and turbo

oil drain tank Model TA0413IBP would place pilots and operators of the aircraft at the risk of serious injury and death.

c)   Lycoming negligently and carelessly failed to warn pilots, operators and repair facilities that the design of the TIO-540 engine and its associated Garrett turbocharger and turbo drain oil tank Model TA 0413IBP would render aircraft utilizing the engine and turbocharger unairworthy in the event that repair work was not appropriately completed with all parts inventoried for repair and overhaul assembly.

28.   As a direct and proximate result of Defendant's negligence, Plaintiff, David H. Pease III, was caused to suffer serious, permanent, disabling and disfiguring injuries, emotional injuries and distress, economic losses and compensatory, pecuniary and non-pecuniary damages, all in excess of jurisdictional amount.

WHEREFORE, Plaintiff David H. Pease III demands judgment against Defendant, Lycoming Engines, for such sums as the evidence may show and a jury allows compensating Plaintiff for his injuries, loss and damages, both present and future, together with the costs of this action.

## VI.  PRODUCT LIABILITY OF DEFENDANTS KELLY AEROSPACE D/B/A KELLY AEROSPACE POWER SYSTEMS, INC. AND LYCOMING ENGINES

29.   Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 28 above as if fully rewritten herein.

30. At all times on or before June 5, 2005, Defendant Kelly and Defendant Lycoming Engines were responsible for the design, manufacture, marketing, customer support and maintenance and repair support for the Lycoming TIO-540 engine and the incorporated Kelly Garrett Turbocharger Model TA0419IPB incorporated into the Lycoming engine which was subsequently installed on the accident aircraft the

9

Piper/PA-32R-301T with Federal Registration Number N341MA involved in the
accident which occurred on June 5, 2005, near Tazewell, Tennessee.

31.    At all times herein on and before June 5, 2005, the Defendants Kelly and
Lycoming Engines knew that the cantilever design of the turbo oil drain tank assembly
on the Garrett Turbocharger as incorporated in the Lycoming TIO-540 engine was a
dangerous and defective design making the engine unsuitable for its intended purpose
and creating a risk of unreasonable harm to owners and operators of aircraft utilizing the
engine and turbocharger assembly including but not limited to the Plaintiff, David H.
Pease III.

32.    At all times on or before June 5, 2005, Defendants Kelly and Lycoming
Engines knew or should have known that the cantilever design of the Garrett
Turbocharger, its turbo oil drain tank and the TIO-540 engine could lead to unusual and
destructive vibrations which would separate the oil drain tank from the turbocharger
assembly, compromise the clearance of rotating compressor parts and result in the
destruction of the engine and turbocharger assembly releasing oil from the engine and
leading to the seizure and stoppage of the engine and subsequent crash.  This
circumstance, including the design and manufacture of the engine and turbocharger
assembly was dangerous and defective for its intended purpose of operation as an
aircraft engine and created a substantial risk of severe injury and harm to operators of the
aircraft including but not limited to the Plaintiff, David H. Pease III.

33.    As a direct and proximate result of Defendants' negligence, Plaintiff,
David H. Pease III, was caused to suffer serious, permanent, disabling and disfiguring

10

injuries, emotional injuries and distress, economic losses and compensatory, pecuniary

and non-pecuniary damages, all in excess of jurisdictional amount.

WHEREFORE, Plaintiff David H. Pease III demands judgment against

Defendants, Kelly Aerospace Inc., d/b/a Kelly Aerospace Power Systems, Inc., and

Lycoming Engines, both jointly and severally, for such sums as the evidence may show

and a jury allows compensating Plaintiff for his injuries, loss and damages, both present

and future, together with the costs of this action.


## VII. CAUSE OF ACTION FOR WANTON CONDUCT

34.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1

through 33 above as if fully rewritten herein.

35.     The Defendant, Main Turbo, Inc., performed the aircraft maintenance,

repairs, and overhaul upon Plaintiff's Garrett-Turbocharger Model No. TA0413IPB in a

wanton and reckless manner that endangered persons and property and/or with willful or

wanton disregard for the rights and safety of others, including the Plaintiff, David H.

Pease III.

36.     As a direct and proximate result of Defendant's conduct which was

reckless, careless, and willful and wantonly in disregard of the rights of David H. Pease

III, Plaintiff was caused to suffer serious, permanent, disabling and disfiguring injuries,

emotional injuries and distress, economic losses and compensatory, pecuniary and non-

pecuniary damages, all in excess of jurisdictional amount.

37.     With regard to Plaintiff's claim for wanton conduct, Plaintiff avers that the

Defendant, Main Turbo, Inc., consciously or deliberately engaged in wantonness with

regard to the Plaintiff, with a reckless or conscious disregard to the rights and safety of the Plaintiff as to constitute the imposition of punitive damages within the meaning as defined in §6-11-20 of the Code of Alabama (1975, as amended).

WHEREFORE, Plaintiff David H. Pease III demands judgment against Defendant Main Turbo Systems for such compensatory and punitive damages as the evidence may show and a jury allows compensating Plaintiff for his injuries, loss and damages, present and in the future, together with the costs of this action.

### VIII.  LISA PEASE CAUSE OF ACTION FOR LOSS OF CONSORTIUM

37.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 36 above as if fully rewritten herein.

38.    On June 5, 2005, and at all times relevant before, the Plaintiff, Lisa Pease, was the legally married and recognized wife of the Plaintiff, David H. Pease III.

39.    That as a direct and proximate result of the Defendants' acts, omissions and willful and wanton disregard for the life and safety of David H. Pease III, the Plaintiff, Lisa Pease, has been caused to suffer the loss of her husband's consortium, society and companionship, support and assistance as well as economic losses and emotional distress, all in excess of jurisdictional amount.

WHEREFORE, Plaintiff Lisa Pease demands judgment against the Defendants, Kelly Aerospace Inc., d/b/a Kelly Aerospace Power Systems, Inc., Lycoming Engines, and Main Turbo Systems, both jointly and severally, for such sums as the evidence may show and a jury allows to compensate Plaintiff for her loss and damages, both present and future, together with the costs of this action.

## IX.  CAUSE OF ACTION AGAINST JOHN DOE DEFENDANTS

40.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 39 above as if fully rewritten herein.

41.     Upon information and belief, certain John Doe(s) No. 1-10, persons, corporations, partnerships, political subdivisions or other entities may be responsible for the injuries suffered by the Plaintiffs.

WHEREFORE, the Plaintiffs, David H. Pease III and Lisa Pease, demand judgment against these Defendants in an amount in excess of the jurisdictional amount plus costs.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial on all of the issues tryable as of right by a jury.

Respectfully submitted,

Attorneys for Plaintiffs

THOMAS EDWARDS, P.C.

Thomas R. Edwards (EDW012)
8244 Old Federal Road
Montgomery, AL  36117
(334) 215-1011
(334) 215-7847 (fax)
tom@edwardspc.com

13

Of Counsel:

NOLAN LAW GROUP
Jerome L. Skinner (0014768)
3074 Madison Road
Cincinnati, Ohio 45209
Tel: 513.721.1350     Fax: 513.721.5029
Skinair02@aol.com
Nolan Law Group
20 North Clark Street – 30th Floor
Chicago, Illinois 60602
Tel: 312.630.4000     Fax: 312.630.4011

07PI021 Pease Complaint