IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DAVID H. PEASE, III and LISA PEASE**, )<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)     Case No.<br>**KELLY AEROSPACE, INC., d/b/a KELLY** )     2:07-cv-340-ID<br>**AEROSPACE POWER SYSTEMS, INC.;** )<br>**LYCOMING ENGINES; and MAIN** )<br>**TURBO SYSTEMS,** )<br>)<br>    **Defendants.** ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS KELLY AEROSPACE, INC.
AND KELLY AEROSPACE POWER SYSTEMS, INC.**

    Come now Kelly Aerospace, Inc. and Kelly Aerospace Power Systems, Inc. (sometimes hereinafter referred to collectively as "Kelly") and for response to the Plaintiffs' Complaint, state as follows:

    1.    In June 2005, Kelly was engaged in the manufacturing of aircraft systems and components in the State of Alabama. Kelly denies the remaining allegations contained in ¶ 1 of the Plaintiffs' Complaint.

    2.    Kelly Aerospace, Inc. is a Delaware corporation with its principal place of business in Montgomery, Alabama. Kelly Aerospace Power Systems, Inc. is an Alabama corporation with its principal place of business in Fort Deposit, Alabama. Kelly denies the remaining allegations contained in ¶ 2 of the Plaintiffs' Complaint.

3. Kelly Aerospace, Inc. is a Delaware corporation with its principal place of business in Montgomery, Alabama. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in ¶ 3 of the Plaintiffs' Complaint.

4. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 4 of the Plaintiffs' Complaint.

5. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 5 of the Plaintiffs' Complaint.

6. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 6 of the Plaintiffs' Complaint.

7. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 7 of the Plaintiffs' Complaint.

8. Kelly admits that the court has jurisdiction over Kelly and denies the remaining allegations contained in ¶ 8 of the Plaintiffs' Complaint.

9. For response to ¶ 9 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

10. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 10 of the Plaintiffs' Complaint.

11. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 11 of the Plaintiffs' Complaint.

12. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 12 of the Plaintiffs' Complaint.

13. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 13 of the Plaintiffs' Complaint.

14. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 14 of the Plaintiffs' Complaint.

15. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 15 of the Plaintiffs' Complaint.

16. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 16 of the Plaintiffs' Complaint.

17. For response to ¶ 17 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

18. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 18 of the Plaintiffs' Complaint.

19. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 19 of the Plaintiffs' Complaint.

20. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 20 of the Plaintiffs' Complaint.

21. For response to ¶ 21 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

22. Kelly denies the allegations contained in ¶ 22 of the Plaintiffs' Complaint and demands strict proof thereof.

23. Kelly denies the allegations contained in ¶ 23 of the Plaintiffs' Complaint and demands strict proof thereof.

24. Kelly denies the allegations contained in ¶ 24 of the Plaintiffs' Complaint and demands strict proof thereof.

25. For response to ¶ 25 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

26. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 26 of the Plaintiffs' Complaint.

27. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 27 of the Plaintiffs' Complaint.

28. Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 28 of the Plaintiffs' Complaint.

29. For response to ¶ 29 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

30. Kelly denies the allegations contained in ¶ 30 of the Plaintiffs' Complaint as they relate to Kelly.

31. Kelly denies the allegations contained in ¶ 31 of the Plaintiffs' Complaint as they relate to Kelly.

32.  Kelly denies the allegations contained in ¶ 32 of the Plaintiffs' Complaint as they relate to Kelly.

33.  Kelly denies the allegations contained in ¶ 33 of the Plaintiffs' Complaint as they relate to Kelly.

34.  For response to ¶ 34 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

35.  Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 35 of the Plaintiffs' Complaint.

36.  Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 36 of the Plaintiffs' Complaint.

37.  Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 37 of the Plaintiffs' Complaint.

37. (Duplicate #37 of Plaintiffs' Complaint) For response to duplicate ¶ 37 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

38.  Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 38 of the Plaintiffs' Complaint.

39.  Kelly denies the allegations contained in ¶ 39 of the Plaintiffs' Complaint as they relate to Kelly.

40.     For response to ¶ 40 of the Plaintiffs' Complaint, Kelly adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

41.     Kelly is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in ¶ 41 of the Plaintiffs' Complaint.

### FIRST AFIRMATIVE DEFENSE

Kelly denies that it is guilty of any wrongful or improper conduct which proximately caused or proximately contributed to any injuries or damages claimed by the Plaintiffs.

### SECOND AFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of contributory negligence.

### THIRD AFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by the actions or omissions of persons other than Kelly over whom Kelly had no control, or by the superseding intervention of causes outside of Kelly's control.

### FOURTH AFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Kelly in that the methods, standards and techniques utilized with respect to the design manufacture and sale of any products by Kelly conform to the applicable state of the art, and the product was designed, manufactured, marketed and sold in reasonable and prudent manner based upon available knowledge.

## FIFTH AFIRMATIVE DEFENSE

The product produced by Kelly was out of the control of Kelly over a material period of time, and during that period, Kelly had no control over the maintenance, handling, or use of the product. Kelly further states that if there was any defect or deficiency as of the time of the alleged incident, such defect or deficiency did not relate to the original design, manufacture or sale of the product or any procedures undertaken by Kelly; but, on the contrary, is the result of other acts or omissions on the part of Plaintiffs or others for whom Kelly is not and cannot be responsible.

## SIXTH AFIRMATIVE DEFENSE

Kelly complied with all applicable laws and regulations existing at the time of manufacture of any product by Kelly.

## SEVENTH AFIRMATIVE DEFENSE

To the extent Plaintiffs are claiming damages under the Alabama Extended Manufacturer's Liability Doctrine, Kelly contends that the Alabama Extended Manufacturer's Liability Doctrine, or strict liability in tort, is constitutionally void as to Kelly and as applied to acts and circumstances in this case in that:

    A.    It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of the other defendants joined in this one action;

    B.    It operates to deny Kelly a fair opportunity to have the jury assess damages based on Kelly's alleged culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

C. In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Kelly of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

D. In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Kelly of property without due process of law contrary to Article I, Section 6, of the Constitution of the State of Alabama which provides, insofar as is germane, that no person shall be deprived of property except by due process of law.

## EIGHTH AFIRMATIVE DEFENSE

To the extent Plaintiffs are claiming damages under the Alabama Extended Manufacturer's Liability Doctrine, Kelly contends that the Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability is constitutionally void in that:

A. It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in the judicial determination of an issue involving property of Kelly with the result that:

(i) It deprives Kelly of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

(ii) Separately, it deprives Kelly of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person

shall be deprived of property except by due process of law, with the result that Plaintiffs are not entitled to recover in this cause against Kelly.

B. It denies Kelly the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer or seller would amount to an unreasonable classification, and hence, plaintiffs are not entitled to recover against Kelly.

C. The attempted imposition of strict liability in this case against Kelly operates to deny Kelly equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that plaintiffs are not entitled to recover against Kelly, separately or severally, in this case.

## NINTH AFIRMATIVE DEFENSE

To the extent the Plaintiffs are claiming punitive damages from Kelly:

1. Kelly denies it is guilty of conduct for which punitive damages could or should be awarded, and denies that Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against it.

2. Plaintiffs cannot recover punitive damages against Kelly because such an award, which is penal in nature, would violate Kelly's constitutional rights protected under the Alabama Constitution of 1901, as amended, (the "Alabama Constitution") and the Constitution of the

United States ("the United States Constitution"), unless Kelly is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

3. Kelly pleads all constitutional limitations set forth in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996) and later cases, decided by the United States Supreme Court, since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny Kelly due process of law in violation of the Fourteenth Amendment to the United States Constitution, in violation of the Alabama Constitution and in violation of other applicable state constitutions.

4. Subjecting Kelly to punitive damages, or affirming an award of punitive damages against Kelly in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, by the Due Process Clause of Article I, Section 13 of the Alabama Constitution, and by the due process clauses of other applicable state constitutions as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned: (a) any award of punitive damages against defendants under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of the Alabama Pattern Jury Instruction 11.03 or other similar instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d)

any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under the Alabama or other applicable law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama or other applicable law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and defendant's alleged wrongful or culpable conduct; (g) under Alabama or other applicable law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the state referable to the imposition or allowance of punitive damages; (h) under Alabama or other applicable law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages; (i) the procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (j) under Alabama or other applicable law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (k) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant; (l) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (m) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (n) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are

determined; and (o) an award of punitive damages would constitute an arbitrary and capricious taking of property of defendant without due process of law.

5. Imposition of punitive damages in this case against Kelly would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

6. In the event that any portion of a punitive damages award against Kelly in this case were inure to the benefit of any governmental or private entity other than the plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, Article 1, Section 15, of the Alabama Constitution and any other applicable state constitution.

7. Based upon the applicable procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Kelly is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and the equivalent provisions of any applicable state constitutions.

8. In the event, and to the extent that the award of punitive damages, or the amount of the award of punitive damages is deemed to be governed by Section 6-1 1-20, Code of Alabama or any similar statute, then, and to that extent, said section violates the applicable state constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

9. Any award of punitive damages violates the due process clauses and equal protection provisions of the United States and the applicable state constitutions to the extent the jury must render a single punitive damage award against all defendants and is not permitted to assess the culpability of each individual defendant.

180685.1                                      12

10. Any award of punitive damages is subject to all applicable statutory, constitutional or common law limits on punitive damages.

11. Kelly pleads the limitations on punitive damages set forth in the United States Supreme Court's decisions in <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001) and <u>State Farm Mutual Auto Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003), including the issue of whether punitive damages is an issue to be decided by the jury.

12. The claim of the plaintiffs for punitive damages against Kelly is barred by the Fourteenth Amendment to the United States Constitution and by similar provisions of any applicable state constitution.

13. To award punitive damages against Kelly in this case would have a chilling effect upon Kelly's rights to open access to the courts of this State, in violation of the United States Constitution and the similar provisions of any applicable state constitution, separately and severally.

14. Based upon the applicable procedures relative to punitive damages, which provided no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Kelly is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and similar provisions of any applicable state constitution, separate and severally.

15. Plaintiffs' claim for punitive damages violates the rights of Kelly to due process and equal protection of the law as guaranteed by the United States Constitution and any applicable state constitutions, in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u>, <u>Green Oil Company v. Hornsby</u>, or other similar cases is unconstitutionally vague and inadequate in the following respects: (a) the procedures provide no clearly defined standard for courts to apply in reviewing punitive damages; (b) the procedures

provide inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Kelly; (c) the procedures provide inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm; (d) the procedures do not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; (e) these procedures are inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent applicable of the factors, and allow for unpredictable and inconsistent results; and (f) The procedures fail to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

16. If multiple punitive damage awards were assessed against Kelly in different jurisdictions, or in the same jurisdiction, it would violate the constitutions of the United States and applicable state constitutions, violating Kelly's rights to due process and to a jury trial and violating Kelly's right against double jeopardy.

17. The imposition of punitive damages sought by Plaintiffs violates Kelly's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

   A. the applicable punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. The applicable punitive damage scheme leaves the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

      B.      Kelly had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by the plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Kelly to punitive damages or as to the potential amount of such an award.

      C.      Under the applicable punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

      D.      Under the applicable punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

      E.      No provision of the applicable punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Pacific Mutual Life Insurance Company v. Haslip</u>, 499 U.S. 1 (1990), and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

      F.      The applicable punitive damages procedures do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

      G.      Under the applicable punitive damage procedures, there is no limit on the number of times Kelly could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

    18.    The net effect of the applicable punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without

serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

### TENTH AFIRMATIVE DEFENSE

Kelly adopts and incorporates by reference all defenses pleaded by other defendants as they may be applicable to Kelly, except to the extent that they are inconsistent with the defenses pleaded in this Answer.

Respectfully submitted this 12th day of June, 2007

/s/ Charles B. Paterson
Charles B. Paterson (ASB-1542-R73C)
Kelly F. Pate (ASB-5289-L63F)
Attorneys for Defendants, Kelly Aerospace, Inc.
and Kelly Aerospace Power Systems, Inc.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com
E-mail: kpate@balch.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following and/or I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any of the following non-CM/ECF participants this the 12th day of June, 2007.

| | |
|---|---|
| Thomas R. Edwards<br>THOMAS EDWARDS, P.C.<br>8244 Old Federal Road<br>Montgomery, Alabama 36117<br><br>*Attorney for Plaintiffs* | Jerome L. Skinner<br>NOLAND LAW GROUP<br>3074 Madison Road<br>Cincinnati, Ohio 45209<br><br>*Attorney for Plaintiffs* |
| Sanford G. Hooper<br>LIGHTFOOT, FRANKLIN & WHITE, LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, Alabama 35203-3200<br><br>*Attorney for Main Turbo Systems* | Christopher S. Rodgers<br>HUIE FERNAMBUCQ STEWART, LLP<br>Three Protective Center<br>2801 Highway 280 South, Suite 200<br>Birmingham, Alabama 35223-2484<br><br>*Attorney for Lycoming Engines* |

Respectfully submitted,

/s/ Charles B. Paterson
Charles B. Paterson
Bar Number: ASB-1542-R73C
Kelly F. Pate
Bar Number: ASB-5289-L63F
Attorney for Defendants, Kelly Aerospace, Inc. and Kelly Aerospace Power Systems, Inc.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com
E-mail: kpate@balch.com