IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:07-CV-340-ID |
| ) | |
| MAIN TURBO SYSTEMS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAIN TURBO SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSION TO CONDUCT LIMITED DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT MAIN TURBO'S MOTION TO DISMISS**

Instead of confronting the undisputed facts showing that Main Turbo Systems, Inc. ("Main Turbo") does not have continuous and systematic contacts with Alabama, plaintiffs David and Lisa Pease ("plaintiffs") have asked the Court to disregard those inconvenient facts and allow it to conduct broad, far-reaching discovery in hopes of turning up some undisclosed connection between Main Turbo and Alabama. In doing so, plaintiffs brush over the fact that Main Turbo has no offices in Alabama, no employees in Alabama, no property in Alabama, no employees who have ever visited Alabama, does not advertise locally in Alabama, and is not registered to do business in Alabama.

Plaintiffs have sufficient information about Main Turbo's de minimis contacts with Alabama to contest the merits of Main Turbo's motion, and the motion is ripe for adjudication by the Court based on the facts already in evidence. In the alternative, Main Turbo respectfully requests that the Court deny plaintiffs' broad request for permission to conduct jurisdictional discovery and simply allow Main Turbo to respond, in a limited

1

fashion, to plaintiffs' outstanding written discovery requests. Plaintiffs could then respond to Main Turbo's motion within 10 (days) of receiving Main Turbo's responses.

A.   **Plaintiffs' Request for Far-Reaching Jurisdictional Discovery Should Be Denied Because Plaintiffs Have Not Made Any Showing Establishing the Need for Same**

"There is no absolute right to conduct jurisdictional discovery; indeed, courts have routinely denied such requests in the absence of any specific showing by the movant establishing the need for the same." Utsey v. New England Mutual Life Ins. Co., 2007 WL 1076703, *2 (S.D. Ala. April 9, 2007); Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th Cir.2003) (holding that the district court acted within its discretion in refusing to allow jurisdictional discovery where it found " 'a lack of any concrete proffer by [plaintiff],' no indication of 'fraud or intentional misconduct on the part of [defendant]' in its jurisdiction affidavits, and no reason to believe that the 'additional information [that plaintiff sought] ... would ... alter [the] analysis of personal jurisdiction'"); Instabook Corp. v. Instantpublisher.com, 469 F.Supp. 2d 1120, 1127 (M.D.Fla.2006) (denying request for jurisdictional discovery where requesting party "has only generally requested such discovery, without explaining how such discovery would bolster its contentions"); Shamsuddin v. Vitamin Research Products, 346 F.Supp.2d 804, 817-818 (D.Md. 2004) (denying jurisdictional discovery where court found that plaintiff's requested discovery was based on "speculat[ion] that such information likely would be sufficient to show that [defendant] is purposefully directing its paper catalogs, along with its website, to Maryland residents"); Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C.1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by

defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition"); Gear, Inc. v. L.A. Gear California, Inc., 637 F.Supp. 1323, 1328 (S.D.N.Y.1986) ("Discovery need not be granted to allow [movant] to engage in an unfounded fishing expedition for jurisdictional facts"); see generally Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n. 7 (11th Cir.1999) (no error by district court in not ordering jurisdictional discovery where party failed to specify what it thought could or should be discovered).

Here, plaintiffs have sought jurisdictional discovery from Main Turbo by serving interrogatories and requests for production and by requesting the deposition of Gary Main, the president of Main Turbo. Plaintiffs seek this discovery even though they make no assertion that the discovery will "alter [the] analysis of personal jurisdiction" or that Mr. Main's affidavit contains any incorrect information. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th Cir.2003). Plaintiffs' suggestion that their jurisdictional discovery will likely assist them in establishing further contacts between Main Turbo and Alabama is pure "speculation." See Shamsuddin v. Vitamin Research Products, 346 F.Supp.2d 804, 817-818 (D.Md. 2004). Moreover, plaintiffs' written discovery requests are overbroad and seek very detailed discovery on matters that have nothing to do with Main Turbo's contacts with Alabama, which is the only issue before the Court. For example, plaintiffs' Request No. 4 states:

> Please identify each turbo charger repaired, overhauled, or otherwise serviced by the defendant Main Turbo during the time period between January 1, 2005 and July 1, 2005 by manufacturer, serial number, part number, aircraft type, and state of customer location.

Respectfully, Main Turbo is at a loss to see how identifying orgininal manufacturers, part numbers, serial numbers, aircraft types, and customer location for states other than

3

Alabama has any bearing on Main Turbo's business contacts with Alabama customers. Instead, this request appears to be aimed at requiring Main Turbo—and its staff of only six employees—to search all of its customer files for irrelevant information in hopes that plaintiffs will stumble upon some undisclosed link between Alabama and Main Turbo.

Plaintiffs have also requested that Main Turbo search for and produce information about its Alabama business going back *seven years* from the time the Complaint was filed. Main Turbo has already provided information about its transactions with Alabama customers going back to January 2005, nearly two and a half years before the Complaint was filed. See Noonan v. The Winston Company, 135 F. 3d 85, (1st Cir. 1998) (agreeing with the district court that the appropriate time period to measure a defendant's contacts with forum state for purposes of general jurisdictional analysis was from the time period before the complaint was filed); Harbuck v. Khalifa A. Algosaibi Diving and Marine Services, 2001 WL 987913, *3 (E.D.La. 2001) ("defendant's minimum contacts for purposes of determining general jurisdiction are to be evaluated over a reasonable period of time prior to the Plaintiff's filing suit").

Plaintiffs have not demonstrated why sales information is needed for longer than two and half years, nor why they think broadening the request by several years would yield any contacts that are substantively different.[1] Nevertheless, in the spirit of

---

[1] From January 2005 to June 2007, Main Turbo received revenues for services to six customers in Alabama for a total of only $18,765. This amount accounted for less than one half of one percent of Main Turbo's revenues for the same time period and simply does not meet the required showing of "continuous and systematic general business contacts between the defendant and the forum state." Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000); see also Accu-Sport Int'l Inc. v. Swing Dynamics, Inc., 367 F. Supp. 2d 923, 928 (M.D. N.C. 2005) (single sale by defendant's predecessor to forum state was not sufficient for general jurisdiction where sale accounted for only 1.3% of defendant's annual sales and

4

cooperation, Main Turbo is willing to provide plaintiffs with information showing its sales to Alabama customers for an additional year—after which plaintiffs will have Main Turbo's sales information to Alabama customers for nearly three and a half years prior to the Complaint filing. Furthermore, Main Turbo is also willing to respond to plaintiffs' interrogatories and document requests—albeit in a more limited fashion than requested—even though there are sufficient facts already in evidence for the Court to rule on Main Turbo's Motion to Dismiss.

**B.    Plaintiffs' Request to Depose Main Turbo President Gary Main Should Be Denied.**

Plaintiffs have requested the deposition of Main Turbo President Gary Main apparently to challenge the "untested facts contained in [his] affidavit." Pls' Brief, p. 6. Significantly, plaintiffs have pointed to no case law that shows that a party is entitled to convene depositions as soon as a jurisdictional challenge is made by a defendant. In addition, Plaintiffs do not claim that any of the information in Mr. Main's affidavit is incorrect or what specific information they hope to gain or specific topics they wish to inquire of in a deposition of Mr. Main.[2] See Utsey v. New England Mutual Life Ins. Co., 2007 WL 1076703 *1 (S.D. Ala. April 9, 2007) (denying party's request to take depositions for jurisdictional discovery where party "fail[ed] to identify any specific topics on which such discovery might be appropriate or warranted [and made] no proffer

---

was de minimis); Adell Corp. v. Elco Textron, Inc., 51 F. Supp. 2d 752, 756 (N.D. Tex. 1999) (no general jurisdiction when sale of parts to Texas was less than one percent of total sales).

[2]    As indicated, Main Turbo is willing to respond to plaintiffs' written discovery even though it is unnecessary for purposes of deciding the jurisdictional issue before the Court.

5

of the evidence they believe such discovery may disclose"). Finally, Main Turbo would show unto the Court that requiring Mr. Main's deposition would constitute an undue burden on him and his small company, as Main Turbo is located in rural California and has only six employees.

C.  **Conclusion**

Main Turbo believes that it has provided sufficient facts to show that it does not have "continuous and systematic contacts" with Alabama to support exercise of personal jurisdiction over it. The few contacts it does have are de minimis and simply do not demonstrate that Main Turbo purposefully availed itself of doing business in this state. Plaintiffs' attempt to launch far-reaching discovery into Main Turbo's business dealings when it is undisputed that Main Turbo has no employees, property, offices, and so few customers in the state is simply unjustified. Therefore, Main Turbo requests that the Court deny plaintiffs' request for permission to conduct jurisdictional discovery.

In the alternative, Main Turbo requests that it be allowed to respond to plaintiffs' outstanding written discovery requests subject to reasonable limitation, ten (10) days after which plaintiffs may file their response brief to the pending Motion to Dismiss, and Main Turbo its reply brief. Main Turbo also requests that the Court deny plaintiffs' request to depose Gary Main.

_____
One of the Attorneys for Defendant
Main Turbo Systems

OF COUNSEL:
Jackson R. Sharman III (SHARJ6416)
J. Chandler Bailey (BAILC4526)
Sanford G. Hooper (HOOPS7271)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.

6

The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of Aug., 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Road
Montgomery, AL 36117
tedwards2@mindspring.com

Jerome L. Skinner, Esq.
Nolan Law Group
3074 Madison Road
Cincinnati, OH 45209
jls@nolan-law.com

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
cpaterson@balch.com
kpate@balch.com

Christopher S. Rogers, Esq.
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
csr@hfsllp.com

_____
OF COUNSEL

7