IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-CV-340-ID |
| ) | |
| MAIN TURBO SYSTEMS, KELLY ) | |
| AEROSPACE, INC., d/b/a KELLY ) | |
| AEROSPACE POWER SYSTEMS, INC., ) | |
| LYCOMING ENGINES, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANT MAIN TURBO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSION TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT MAIN TURBO'S MOTION TO DISMISS**

Main Turbo fails to give the Court good reason why the limited jurisdictional discovery proposed should not be had before plaintiffs are required to formally respond to defendants' motion to dismiss for lack of personal jurisdiction. In its response, Main Turbo attempts to unilaterally and artificially curtail the jurisdictional inquiry without even addressing questions raised by plaintiffs' discovery requests. As it stands, plaintiffs ought to be able to determine whether Main Turbo's business activities with Alabama, most notably its relationship with manufacturer Kelly Aerospace are sufficient to support a finding that defendant has minimum contacts with the State.

Far from being a mere "fishing expedition" the proposed jurisdictional discovery is intended to recast the jurisdictional analysis by showing that Main Turbo engages in continuous and systematic business with Alabama. While Main Turbo alleges that it lacks

1

a physical presence in Alabama, this allegation alone would be insufficient as sole justification for a finding this Court has no jurisdiction. The question is not whether Main Turbo is physically present in Alabama but rather whether Main Turbo "purposefully directed [its] activities at residents of the forum." *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182 (1985) *quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478 (1984). Ultimately, plaintiffs ought to be permitted to determine the true nature and scope of Main Turbo's business activities in Alabama despite Main Turbo's allegation that it lacks physical presence there.

Plaintiffs' proposed discovery is squarely directed at determining the quality of Main Turbo's contacts and seeks to clarify existing ambiguities and omissions from defendant's motion and affidavit. (*See* Plaintiffs' First Set of Interrogatories and Request for Production dated July 17, 2007 is attached as Exhibit "A.") For instance, plaintiffs requested revenues from Main Turbo's sales in Alabama for a reasonable period *before* the subject crash; the identity of the manufacturers of all turbo chargers repaired, overhauled or otherwise serviced by Main Turbo; any evidence of ongoing business or contractual relations between Main Turbo and Kelly Aerospace (an Alabama corporation); as well as work orders, repair cards, and customer invoices for all of the Alabama customers identified in defendant's motion and for one year preceding the subject crash. Simply put, defendant's contact with the Alabama forum should not be reviewed in isolation. Chosen solely for the defendant's convenience and without challenge by the opposing party, defendant's minimum contacts should not be reviewed on the basis of an arbitrary, short, non-business related period of time.

Despite Main Turbo's response, the Court should order Main Turbo to answer plaintiffs' proposed discovery and that a date for the deposition of affiant Gary L. Main be set. Moreover, Main Turbo's solution that it only be required to respond in a "limited fashion to plaintiffs' outstanding written discovery" and its outright refusal to schedule the deposition of Main Turbo's affiant Gary L. Main on the contents of his affidavit is wholly inadequate.

It is not only clear that Main Turbo specializes in the overhaul and servicing of Airesearch and RAJAY turbochargers, the Main affidavit in no way forecloses upon the possibility that Main Turbo directly receives parts from manufacturer, Kelly Aerospace on a regular basis. Instead Gary L. Main vaguely states that it has "no direct" relationship with Kelly. (*See* Affidavit of Gary L. Main, ¶ 6) On the contrary, based upon the fact that the overhaul and servicing of Airesearch and RAJAY turbochargers is Main Turbo's <u>sole source</u> of income, literally thousands of parts must have been ordered from Kelly Aerospace and from the state of Alabama. This stream of business no doubt continues to the present day. To resolve certain ambiguities and omissions contained in the affidavit, the deposition of Gary L. Main should be scheduled for a date certain.

Too, Main Turbo's motion and affidavit does not address other business activities that could collectively establish minimum contacts. Main Turbo fails to address unrealized but earned income, prospective income or business dealings which demonstrate real, continuous and systematic business activities other than the realized revenue. For example, there is no mention of communications, bidding processes, solicitations or negotiations for future business.

Lastly, defendants should be required to provide plaintiffs with revenues dating back before the occurrence. *Novak v. Benn*, 896 So.2d 513, 521 (Ala. 2004), *quoting Elliot v. Van Kleef*, 830 So.2d 726, 71 (Ala. 2002) ("[O]nly contacts occurring prior to the even causing the litigation may be considered in determining whether the trial court has personal jurisdiction over a party consistent with the Due Process Clause.") For purposes of determining minimum contacts, plaintiffs are entitled to know Main Turbo's sales information for a "reasonable period" prior to the subject crash. *Helicoperos Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 409-411, 104 S.Ct. 1868-71 (1984) (Examining defendants minimum contacts with forum state over a seven-year period); *Metropolitan Life Ins. Co., v. Robertson-Ceco Corp., et al.*, 84 F.3d 560, 569 (2d Cir. 1996) (Surveying caselaw, district court erred inasmuch as limiting minimum contacts inquiry to the year of 1993); *Wilson v. Belin*, 20 F.3d 644, 650-51 (5th Cir. 1994) (Assessing minimum contacts over 5 year period).

As such, ordering such discovery insures that plaintiffs are not deprived of an accurate measure of Main Turbo's Alabama revenues, avoiding altogether the arbitrariness of defendant's selected period. Plaintiffs currently request revenues from Alabama customers 5 years prior to the date of the subject crash. For the purpose of determining Main Turbo's contacts such discovery is both necessary and appropriate.

Accordingly, plaintiffs seek an order permitting the proffered jurisdictional discovery, including the deposition of affiant Gary L. Main before plaintiffs are required to formally respond to defendant Main Turbo's motion to dismiss on the basis of lack of personal jurisdiction.

Dated: August 23, 2007

                                      Respectfully submitted,

                                      NOLAN LAW GROUP


                                      /s/ Jerome L. Skinner, Esq.
                                      One of the Attorneys for Plaintiffs

OF COUNSEL:

Jerome L. Skinner, Esq.
Nolan Law Group
3074 Madison Road
Cincinnati, Ohio 45209

## CERTIFICATE OF SERVICE

This is to certify that I have this 23rd day of August, 2007 caused to be served the above and foregoing by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Sanford G. Hooper, Esq.
Jackson R. Sharman, Esq.
Joel Chandler Bailey, II
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th St.
Birmingham, Alabama 35203
shooper@lfwlaw.com
jsharman@lfwlaw.com
cbailey@lfwlaw.com

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
PO Box 78
Montgomery, Alabama 36101
cpaterson@balch.com
kpate@balch.com

Christopher S. Rogers, Esq.
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
csr@hfsllp.com

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Rd.
Montgomery, Alabama 36117
tedwards2@mindspring.com

/s/ Jerome L. Skinner
Jerome L. Skinner

# Exhibit A





NOLAN LAW GROUP

20 NORTH CLARK 30TH FLOOR CHICAGO, ILLINOIS 60602 • P 312.630.4000 • F 312.630.4011 • TF 888.630.9340

3074 MADISON ROAD CINCINNATI, OHIO 45209 • P 513.533.2026 • F 513.721.2301

WWW.NOLAN-LAW.COM • CONTACT@NOLAN-LAW.COM

July 17, 2007

Sanford G. Hooper
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th St.
Birmingham, Alabama 35203

*Via facsimile and
regular mail*

Re: Pease v. Main Turbo Systems, et al.
    Civil Action No.: 2:07-CV-340-ID
    Our File No.: 05084

Dear Mr. Hooper:

    Plaintiff is in receipt of your client, Main Turbo System's Motion to Dismiss. This motion asserts substantial factual information which is unverified and not supported by the documents from which it was obtained. Consequently, please find attached a limited set of interrogatories and document requests addressing issues arising out of the motion alone. At your earliest convenience, please consult with your client and get back to me with respect to the following procedural requests:

1. Plaintiff may pursue limited discovery before filing a response to the defendant's motion to dismiss;

2. That discovery will include responses to the attached written requests in the first instance;

3. Following defendant's responses to the written interrogatories and document requests, plaintiff requests the deposition of defendant's affiant, Gary Main at a time and place convenient to counsel and Mr. Main; and

ADMITTED IN ILLINOIS:
DONALD J. NOLAN • WILLIAM J. JOVAN • JAMES H. LAWLOR • PAUL R. BORTH • THOMAS P. ROUTH • THOMAS V. LYONS
KENNETH R. NIX • MOLLIE E. O'BRIEN • JOHN J. LOWREY (Of Counsel) • CHARLES R. BARNETT (Of Counsel)
ADMITTED IN OHIO: JEROME L. SKINNER   •   ADMITTED IN NORTH CAROLINA: JAMES T. CROUSE
ADMITTED IN NEW YORK: WELSON T. CHU   •   ADMITTED IN WASHINGTON, DC: JAMES E. HALL (Of Counsel)



Page Two (2)  
Sanford Hooper

July 17, 2007  
Re:    Pease

4. Following the completion and transcription of Mr. Main's deposition, plaintiff will have an additional ten (10) days to respond to the motion to dismiss.

In the event that your client will not agree to the requested discovery and extension of response time, please consider this correspondence as the beginning of the "meet and confer" process. Accordingly, Plaintiff may file a motion for a protective order and for discovery. Please advise by mid-day on Thursday, July 19, 2007 concerning whether or not you will agree to this process.

When you get a chance, give my regards to Banks Sewell.

Very truly yours,

NOLAN LAW GROUP

Jerome L. Skinner

Enclosure

cc:   Thomas Edwards, Esq.
      Christopher Rogers, Esq.
      Charles B. Paterson, Esq.

JLS/jam

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILE COPY

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MAIN TURBO SYSTEMS, et al. ) <br> ) <br> Defendants. ) | Case No.: 2:07-CV-340-ID |

### PLAINTIFF'S FIRST SET OF COMBINED INTERROGATORIES AND DOCUMENT REQUEST TO THE DEFENDANT MAIN TURBO ON ISSUES RELATED SOLELY TO THE DEFENDANT'S MOTION TO DISMISS

NOW COME the plaintiffs DAVID H. PEASE, III, and LISA PEASE, by and through their attorneys, Nolan Law Group, and hereby submit their First Set of Combined Interrogatories and Document Request to the Defendant Main Turbo on Issues Related Solely to the Defendant's Motion to Dismiss:

1. Please state the accounting basis utilized by the defendant Main Turbo as of June 2005. In other words, as of June 2005, was Main Turbo accounting for its revenues on a calendar year or fiscal year basis?

**ANSWER:**

2. If the answer to the above interrogatory was "fiscal year" please state the to month and year designation for that fiscal year.

**ANSWER:**

3. Please identify the manufacturers of all turbo chargers repaired, overhauled, or otherwise serviced by the defendant Main Turbo:

   a. During the time period between January 1, 2005 and July 1, 2005; and

   b. The last calendar year or fiscal year accounted for prior to the accident in June of 2005.

1

ANSWER:

4.   Please identify each turbo charger repaired, overhauled, or otherwise serviced by the defendant Main Turbo during the time period between January 1, 2005 and July 1, 2005 by manufacturer, serial number, part number, aircraft type and state of customer location.

ANSWER:

5.   Please provide copies of the work orders, repair cards, and customer invoices for the six (6) Alabama customers identified by the defendant on pg. 3 of its Motion and Memorandum to Dismiss.

ANSWER:

6.   Please produce copies of the work orders, repair cards, and customer invoices for all Alabama customers identified by the defendant to have sought services during the last fiscal year or entire calendar year preceding the accident in June of 2005.

ANSWER:

7.   Please produce copies of all work orders, repair cards, invoices and payment records and other written documentation of any kind in the defendant's possession which specifically relate to the repair and overhaul of the "Pease" turbo charger in June 2005.

ANSWER:

8.   Please produce copies of all document utilized as sources by the defendant to prepare the statement which is found on pg. 3 of the defendant's motion and memorandum, "Main Turbo charged approximately $18,765.58 for all of the orders it received from those Alabama customers since January 2005. Id. The $18,765.58 in revenues received from these six customers accounted for less than one half of one (1) percent of the revenues generated by Main Turbo during the same time period. Id." [See Motion and Memorandum to Dismiss, pg. 3, ¶ 3]

ANSWER:

9.   For the time period of June 1, 2004 through July 1, 2005, produce all written records of transactions beginning with repair orders for turbo charger services offered by the defendant Main Turbo to Alabama customers.

ANSWER:

2

10.  Please state, by the same method used to calculate revenues by the defendant on pg. 3, ¶ 3 of its motion and memorandum for the time period of January 2005 through July 2005, the calculated revenues for services rendered to Alabama customers during each of the five (5) preceding fiscal or calendar years as accounted for by Main Turbo. For example, that would include five (5) full fiscal years preceding the fiscal year including June 2005 or the calendar years 2000. 2001, 2002, 2003 and 2004.

**ANSWER:**

11.  Main Turbo has stated beginning in the last line of page two (2) of its Motion and Memorandum to Dismiss that it has no direct business or contractual relationship with Kelly Aerospace Inc. ("Kelly"). Please state or produce the following:

   a.  The time period referred to in the above quoted statement.

   b.  Kelly's definition of "no direct business or contractual relationship."

   c.  Whether any business or indirect contractual relationship has existed between Main Turbo and Kelly in any of the five (5) preceding fiscal years or calendar years before the accident.

   d.  Please produce copies of any and all contracts, agreements, correspondence, or other evidence of ongoing or one time business relations or contractual relations between def Main Turbo and Kelly during the preceding five (5) full fiscal or calendar years before the accident.

**ANSWER:**

12.  If any or all of the documents requested in any interrogatory or request as set forth above exists in an electronic format please identify the document, the format in which it is maintained and produce copies of each document in the format of its maintenance.

**ANSWER:**

                              Respectfully submitted,

BY: _____ (MED)
    Jerome L. Skinner
    Attorney for the Plaintiff
    3074 Madison Rd.
    Cincinnati, OH 45209
    (513) 721-1350

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, I served the following attorneys of record via U.S. Mail by placing same in the mailbox located on 20 N. Clark St., Chicago, IL 60602:

Sanford G. Hooper, Esq.
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 North 20th St.
Birmingham, Alabama 35203

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
PO Box 78
Montgomery, Alabama 36101

Thomas R. Edwards, Esq.
Thomas Edwards, PC
8244 Old Federal Road
Montgomery, AL 36117

Christopher S. Rogers, Esq.
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

_____ /MEO
Jerome L. Skinner

4