**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DAVID H. PEASE III, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIV. ACT. NO. 2:07cv340-ID** |
| **v.** | ) |
| | ) |
| **KELLY AEROSPACE, INC., d/b/a KELLY** | ) |
| **AEROSPACE POWER SYSTEMS, INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

Before the court are Defendant Main Turbo Systems, Inc.'s ("Main Turbo")

Motion to Dismiss, filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure, and Plaintiffs' Motion to Conduct Limited Jurisdictional Discovery and for an

Extension of Time to Respond to Main Turbo's Motion to Dismiss.  (Doc. Nos. 12, 15).

Plaintiffs seek limited jurisdictional discovery on the issue of whether, during the relevant

time period, Main Turbo engaged in continuous and systematic general business contacts

with Alabama so as to subject Main Turbo to general personal jurisdiction in this court.

For good cause shown, it is CONSIDERED and ORDERED that Plaintiffs' Motion

to Conduct Limited Jurisdictional Discovery (Doc. No. 15) be and the same is hereby

GRANTED in part and DENIED in part as follows:

(1)     Plaintiffs' request to depose Gary L. Main is hereby DENIED; and

(2)    Plaintiffs' request that the court direct Main Turbo to respond to Plaintiffs'

First Set of Combined Interrogatories and Document Request (see Doc. No.

18-2) is hereby GRANTED to the following extent.

(a)    Main Turbo is DIRECTED to respond to Numbers 1, 2, 5, 6, 7, 8

and 9 of Plaintiffs' First Set of Combined Interrogatories and

Document Request.[1]

(b)    Main Turbo is DIRECTED to respond to Number 10 of Plaintiffs'

First Set of Combined Interrogatories and Document Request, as

modified by the court in the footnote below.[2]

(c)    Main Turbo is DIRECTED to respond to Number 11a .- b. of

Plaintiffs' First Set of Combined Interrogatories and Document

Request.

---

[1] Main Turbo need not respond to Numbers 3 and 4 of Plaintiffs' First Set of
Combined Interrogatories and Document Request.

[2] 10.  "Please state, by the same method used to calculate revenues . . . for the time
period of January 2005 through July 2005, the calculated revenues for services rendered
to Alabama customers during each of the **three (3)** preceding fiscal or calendar years as
accounted for by Main Turbo.  For example, that would include three (3) full fiscal years
preceding the fiscal year including June 2005 or the calendar years 2002, 2003 and
2004."

(d)    Main Turbo is DIRECTED to respond to Number 11c. - d. of

Plaintiffs' First Set of Combined Interrogatories and Document

Request, as modified by the court in the footnote below.[3]

(e)    Main Turbo is DIRECTED to respond in writing to Plaintiffs' First

Set of Combined Interrogatories and Document Request, as modified

herein, on or before **April 14, 2008**.

It is further CONSIDERED and ORDERED that Main Turbo's Motion to Dismiss

(Doc. No. 12) be and the same is hereby DENIED without prejudice, with leave to renew

after completion of the limited jurisdictional discovery.  Specifically, Main Turbo is

GRANTED until **April 18, 2008**, to file a Renewed Motion to Dismiss which

incorporates a discussion of Main Turbo's responses to Plaintiffs' First Set of Combined

Interrogatories and Document Request.  Plaintiffs may file a response to any Renewed

Motion to Dismiss on or before **April 28, 2008**.  Main Turbo is given until **May 5, 2008**

to reply.  NO OTHER PLEADINGS WILL BE CONSIDERED OR ACCEPTED BY

THE COURT ABSENT COMPELLING EXIGENT CIRCUMSTANCES.

---

[3] 11c.  "Whether any business or indirect contractual relationship has existed between Main Turbo and Kelly Aerospace, Inc., in any of the five (5) preceding fiscal years or calendar years **before the complaint was filed.**

11d.  "Please produce copies of any and all contracts, agreements, correspondence, or other evidence of ongoing or one time business relations or contractual relations between Main Turbo and Kelly Aerospace, Inc., during the preceding five (5) full fiscal or calendar years **before the complaint was filed**."

It is further CONSIDERED and ORDERED that Plaintiffs' Motion for an

Extension of Time to Respond to Main Turbo's Motion to Dismiss (Doc. No. 15) be and

the same is hereby DENIED as moot.

Done this 31st day of March, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE