IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE III, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CASE NO. 2:07-cv-340-ID |
| | ) |
| KELLY AEROSPACE, INC., d/b/a | ) |
| KELLY AEROSPACE POWER | ) |
| SYSTEMS, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of the *Motion for Entry of Protective Order* (Doc. 26, filed April 3, 2008) and the fact it is agreed to by all parties, it is, **ORDERED** that the motion is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

During discovery in this action, Defendants, Lycoming Engines, Kelly Aerospace, Inc., Kelly Aerospace Power Systems, Inc., and Main Turbo Systems (collectively "Defendants"), may be required to produce documents, answer interrogatories and requests for admissions and provide testimony that might reveal confidential and proprietary business information and trade secrets that should not be disclosed except in a restricted manner. Defendants desire to accomplish and facilitate discovery in this action

without jeopardizing their business and commercial interests in the confidentiality of this information. The undersigned parties therefore agree:

1.  Defendants shall have the right to designate as "Confidential" any document, interrogatory answer, response to request for admission, deposition or testimony that they give or produce in this case, provided that it concerns bona fide trade secrets, nonpublic financial information (such as tax returns), research and development information, commercial information relating to future development plans or to competitive considerations, and information relating to sale negotiations or transactions currently in progress or in prospect. This does not include documents and materials in the public domain, manuals, maintenance records, work orders, service bulletins, service information materials, directives, warranty records, complaints, prior accidents/incidents, correspondence to and from the FAA and/or between the Defendants, materials sent to the FAA for certification, PMA and repair station purposes, materials pertaining to continued airworthiness obligations, and other documents and materials that are not referenced in the foregoing sentence (though other privileges may protect against disclosure of some of these types of documents and material, and Defendant does not waive any such privilege). Any documents or information designated as "Confidential" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order. Any party wishing to challenge another party's designation of materials or documents as "Confidential" may do so in accordance with the procedures set forth in Paragraph 6 of this Order.

2. Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3, below. The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

3. Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

    A.    the attorneys working on this action on behalf of the parties, and their employees or agents working on this action;

    B.    the parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;

    C.    experts and consultants who are employed or retained by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

    D.    the court and its support personnel and court reporters;

    E.    any witness in this litigation that is deposed or questioned;

   F. any person designated by mutual agreement of the parties, or by the court in the interest of justice, upon such terms as the court may deem proper.

 4. Before receiving access to any Confidential Information, or the information contained therein, each person described in paragraphs 3(c), 3(d) and 3(e) above shall execute a the form contained in Exhibit A, attached hereto.

 5. The Qualified Persons described in paragraph 3 shall not include any competitor to any of the Defendants (excepting to the extent that any of the Defendants are competitors with themselves, and/or excepting witnesses in this litigation), and every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to any competitor of any Defendants  A competitor of the Defendants shall be deemed to include any person or legal entity engaged in the manufacture and overhaul of aircraft engines or component parts thereof, including any employee or agent of such a person or entity.  Any such disclosure shall be deemed a material breach of this Stipulated Protective Order an all parties hereto acknowledge such a disclosure will result in irreparable harm to the Defendant producing the improperly disclosed documents or materials.

 6. The inadvertent failure of a party to designate discovery material as Confidential Material, at the time of production shall not constitute a waiver of the party's claim to confidentiality as long as the party promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order.  The

recipient of such documents agrees to cooperate with the producing party to remedy the inadvertent disclosure.

7. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a party disagrees at any stage of these proceedings with another party's designation of any material as Confidential Material, the parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the objecting party may, by sealed motion setting forth with specificity the material challenged, seek an order freeing that material from the designation as Confidential Material. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Order until further order of the Court.

8. In the event that counsel for any party files with the Court any Confidential Material or any papers containing or making reference to any such material, such material and papers shall be filed only "UNDER SEAL" in a sealed envelope that shall be labeled "Confidential Material Subject to Protective Order" and containing a statement substantially in the following form:

> This envelope contains documents that are filed in this case by [name of party] and is not to be opened, nor the contents thereof to be displayed or revealed, except by Order of this Court.

9. This Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial or from being used with witnesses in this litigation,

subject to such confidentiality measures as the Court may then prescribe, if any. But for such use at trial and with witnesses, Confidential Material shall continue to be treated in accordance with this Stipulated Protective Order. The use or admission of Confidential Material at trial shall not affect the right of Defendants to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action or proceeding.

10. Within sixty (60) days of the termination of this litigation, including the final determination of any appeal, all Confidential Materials and all copies, summaries, or excerpts thereof, shall be returned to counsel for the party who produced the Confidential Materials or shredded by Plaintiffs' counsel. Plaintiffs' counsel shall certify that he has recovered all Confidential Material from Qualified Persons to whom such materials may have been distributed during the litigation, and has returned such documents to counsel for the party who produced the Confidential Material or has shredded the materials.

11. In the event that any recipient of Confidential Material is served with a subpoena, document request or other request for the production of Confidential Material, such recipient shall assert the existence of this Protective Order and refuse to produce such documents unless further ordered by a court of competent jurisdiction. In the event of a subpoena or request for production of documents, the recipient of the subpoena or request for production shall as soon as possible notify counsel for the party who produced the Confidential Material and cooperate with such counsel to quash or prevent such disclosure.

12. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction[1] over the parties, their attorneys, agents and employees, to enforce the provisions hereof.

13. Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the Confidential Material.

14. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

DONE this 4th day of April, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Main Turbo Systems, Inc. has filed a Motion to Dismiss based on lack of jurisdiction. That motion was recently denied without prejudice while the parties conduct limited jurisdictional discovery, and the Court expressly gave Main Turbo Systems, Inc. leave to renew that motion by April 18, 2008. Main Turbo intends to renew its jurisdictional challenge, per the Court's March 31, 2008 Order, at that time. Thus, Main Turbo Systems, Inc. does not waive and expressly preserves its challenge to this Court's general jurisdiction over it.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE III, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO. 2:07-cv-340-ID |
| | ) |
| KELLY AEROSPACE, INC., d/b/a | ) |
| KELLY AEROSPACE POWER | ) |
| SYSTEMS, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **EXHIBIT A TO PROTECTIVE ORDER**

The undersigned states subject to the penalties for perjury:

1.    I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.    I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential information.

3.    I promise to abide by the Protective Order with respect to Confidential documents and information furnished to me in this litigation.

4.    As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the United States District Court for the Middle District of Alabama, solely for the purpose of enforcing the Protective Order.

Signed: _____

_____
PRINT NAME

Signed this _____ day of _____, 2008.