IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID H. PEASE, III and LISA PEASE, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | 2:07-CV-340-ID |
| | ) | |
| v. | ) | |
| | ) | **ORAL ARGUMENT** |
| MAIN TURBO SYSTEMS, et al., | ) | **REQUESTED** |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF OF MAIN TURBO SYSTEMS TO PLAINTIFF'S
OPPOSITION TO MAIN TURBO'S RENEWED MOTION TO DISMISS**

In opposition to defendant Main Turbo's motion to dismiss, plaintiffs argue that a tiny California aircraft repair company with only six employees has unwittingly submitted itself to personal jurisdiction in an Alabama court over 2,000 miles away by ordering a large portion of parts used for its aircraft repair business from an Alabama company. Under that logic, every small town Ford car dealership in America—from Opp, Alabama to Dillon, Montana and all those in between—can be hailed into court in Michigan and required to defend lawsuits in that state because the cars they sell are manufactured by and purchased from Michigan-based Ford Motor Company. Likewise, under plaintiffs' argument, if a shade-tree car mechanic who runs a one-man garage in Wedowee orders all the car parts for his business from a distributor in Oregon, he should be on notice that Oregon courts can assert jurisdiction over him because he orders parts from that state.

This is not tenable. It is not tenable because it offends "traditional notions of fair play and substantial justice" to require small companies or individuals, who rely on

1

products and services from other states for their business, to answer lawsuits in forums all across the country. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The law on personal jurisdiction—noticeably absent from plaintiffs' brief—requires a party to have more "contacts" with a state than "mere purchases" before the law will require the party to appear and defend a suit in that state. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516 (1923) (Tulsa tailor's periodic visits to New York where it purchased "a large part" of its merchandise from New York merchants did not warrant inference that it was "present" within New York for purposes of personal jurisdiction); Associated Transport Line., Inc. v. Productos Fitosanitarios Proficol El Carmen, 197 F. 3d 1070, 1075 (11th Cir. 1999) (noting that "a party's purchases in the United States are never enough to justify [personal] jurisdiction") (citing Helicopteros v. Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984)). When general personal jurisdiction is asserted, as here,[1] the "party's contacts with the forum that are unrelated to the litigation must be pervasive in order to support the exercise of personal jurisdiction." Id. (citation omitted) (emphasis removed).

The seminal Helicopteros case[2] speaks clearly to the dispute before the Court and is directly contrary to plaintiffs' argument that Alabama has personal jurisdiction over Main Turbo because "it was the manufacturer of parts [i.e., Kelly Aerospace] in the State of Alabama which permitted Main Turbo to do business and to continue to profit from its

---

[1] Plaintiffs also claim that Alabama has "specific jurisdiction" over Main Turbo, Brief p. 11, but it is undisputed that the parts involved with the repair of Mr. Pease's airplane were purchased from Texas-based distributor Aviall, not from Kelly Aerospace. Plaintiffs offer no facts or argument to contradict this point, nor do they cite anything to support their claim that specific personal jurisdiction is present here.

[2] 466 U.S. 408 (1984).

endeavors." Pls' Brief, p. 6. The same argument was made about the Columbian defendant in <u>Helicopteros</u> which purchased approximately 80% of its helicopter fleet and spare parts from Bell Helicopter in Texas and had its pilots trained in Texas. <u>Id.</u> at 411, 425, N.3 (Brennan, J., dissenting). That argument failed in the U.S. Supreme Court and it should fail here.

The Court in <u>Helicopteros</u> held that neither these purchases nor the defendant's sending pilots to Texas for training and sending management personnel to Texas for plant visits and technical consultation were enough to warrant Texas's assertion of personal jurisdiction over a nonresident corporation. <u>Id.</u> at 418. Here, it is undisputed that no employees of Main Turbo ever visited Alabama during the relevant time period, so there is even less contact with the forum state in this case than was present in <u>Helicopteros</u>.[3]

Rather than focusing on what products and services the non-resident defendant received from the forum state,[4] the <u>Helicopteros</u> Court zeroed in on whether there were indicia of the defendant being "present" in the forum state:

---

[3] Plaintiffs attempt to distinguish <u>Helicopteros</u> by arguing that the defendant in that case "made its money by flying helicopters, not repairing components." Brief, p. 9. This factual distinction is immaterial and does not minimize the weight or authority of <u>Helicopteros</u> in this dispute.

[4] The Supreme Court stated in <u>Helicopteros</u>:
> [t]he Texas Supreme Court focused on the purchases and the related training trips in finding contacts sufficient to support an assertion of jurisdiction. We do not agree with that assessment, for the Court's opinion in <u>Rosenberg Bros. & Co. v. Curtis Brown Co</u>, 260 U.S. 516 [] (1923) [], makes clear that purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction.

466 U.S. at 417; <u>see</u> <u>Delro Indust., Inc. v. Evans</u>, 514 So.2d 976, 978 (Ala. 1987) (same) (quoting <u>Helicopteros</u>).

3

> Helicol never has been authorized to do business in Texas and never has had an agent for the service of process within the State. It never has performed helicopter operations in Texas or sold any product that reached Texas, never solicited business in Texas, never signed any contract in Texas, never had any employee based there, and never recruited an employee in Texas. In addition, Helicol never has owned real or personal property in Texas and never has maintained an office or establishment there. Helicol has maintained no records in Texas and has no shareholders in that State."

Id. at 411. Each of the facts above are true with respect to Main Turbo and Alabama.

Plaintiffs also argue that the negligible revenues Main Turbo has earned from its limited base of Alabama customers over the past few years justify it defending this suit 2,219 miles away from its offices in California[5]. Main Turbo earned only $16,235.55 in total revenues from Alabama customers from 2002-2005, the relevant time period, and that total represents less than one half of one percent of Main Turbo's revenues during the same period. These de minimis sales, when taken together with Main Turbo's only other contact with Alabama—its part purchases from Kelly Aerospace—simply do not warrant the imposition of jurisdiction over Main Turbo by this Court. See Associated Transport Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, 197 F. 3d 1070, 1075 (11th Cir. 1999) (non resident defendant's nine sales to the United States during a four year period were not constitutionally sufficient to support general jurisdiction); Nicoles v. G.D. Searle Co., 991 F.2d 1195, 1198 (4th Cir. 1993) (purchases combined with $13 million in sales over five year time period not enough for personal jurisdiction); Bearry v. Beech Aircraft Corp., 818 F.2d 370, 372-73 (5th Cir 1987) (purchases of nearly $195 million plus sales of $250 million not sufficient for general jurisdiction).

---

[5] Mileage calculated with aid of website http://maps.google.com.

4

For the reasons set forth above, and those set out in its initial brief, defendant Main Turbo respectfully requests that this Court grant its Renewed Motion to Dismiss and permit this case to proceed against the remaining defendants who do not contest jurisdiction.

      /s/ Sanford G. Hooper
      One of the Attorneys for Defendant
        Main Turbo Systems, Inc.

OF COUNSEL:
Jackson R. Sharman III (SHARJ6416)
J. Chandler Bailey (BAILC4526)
Sanford G. Hooper (HOOPS7271)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this  5th  day of  May , 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Road
Montgomery, AL 36117
tedwards2@mindspring.com

Jerome L. Skinner, Esq.
Nolan Law Group
3074 Madison Road
Cincinnati, OH 45209
jls@nolan-law.com

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
cpaterson@balch.com
kpate@balch.com

Christopher S. Rogers, Esq.
J. Patrick Strubel, Esq.
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
csr@hfsllp.com
jps@hfsllp.com

      /s/ Sanford G. Hooper
      OF COUNSEL