IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:07cv340-ID |
| ) | |
| MAIN TURBO SYSTEMS, KELLY ) | |
| AEROSPACE, INC., d/b/a KELLY ) | **ORAL ARGUMENT** |
| AEROSPACE POWER SYSTEMS, INC., ) | **REQUESTED** |
| LYCOMING ENGINES, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO RECONSIDER THE ORDER DISMISSING
MAIN TURBO AS A DEFENDANT**

Plaintiffs David H. Pease and Lisa Pease, by and through undersigned counsel, respectfully submit this motion pursuant to Federal Rule of Civil Procedure Rule 59(e) to reconsider in part[1] this Court's June 20, 2008 Opinion and Order dismissing plaintiffs' action against defendant Main Turbo Systems ("Main Turbo") requesting instead that the Court consider transferring the suit against Main Turbo to a jurisdiction where claims could have otherwise could have been brought.

Provided that plaintiffs may very well be forever barred from bringing a like action against Main Turbo for its acts surrounding the 2005 air crash, it is in the interests of justice that plaintiffs' motion be granted.

---

[1] By this motion, plaintiffs do not challenge the underlying jurisdictional findings pursuant to its June 20, 2008 Opinion and Order, rather plaintiffs seek transfer to an alternative to dismissal outright. (See Doc. No. 33)

1

I.  **Introduction**

This personal injury and products liability action arises from an air accident wherein defendant Main Turbo, a California company, received an airplane turbocharger from an Ohio Company in June 2005, refurbished the part and sent it back to Ohio. (*See* Doc. No. 33, Memorandum Opinion and Order, p. 1, lines 5-7)

On April 20, 2007, plaintiffs filed their complaint against defendants Main Turbo Systems, Inc., Kelly Aerospace, Inc., d/b/a Aerospace Power Systems, Inc., and Lycoming Engines. Both Kelly Aerospace, Inc., d/b/a Aerospace Power Systems, Inc., and Lycoming Engines answered plaintiffs' complaint shortly thereafter.

In lieu of answer Main Turbo Systems filed a motion to dismiss on July 13, 2007 contending that this Court's exercise of personal jurisdiction was unwarranted in light of Main Turbo's "*de minimus* contacts with Alabama" and its "sporadic and attenuated business contacts within the state." (See Doc. No. 12-1, <u>Defendant Main Turbo Systems, Inc.'s Motion To Dismiss</u>, p. 8) Charging that the corporation located in Visalia, California had no presence in Alabama and that haling it into court there would offend due process by its motion, in response, plaintiffs requested and were granted limited jurisdictional discovery. (See Doc. No. 15 and No. 25) By this same order granting plaintiffs limited discovery, defendant Main Turbo's Motion was denied without prejudice to re-filing after the requested discovery concluded. (See Doc. No. 25)

Shortly thereafter, defendant Main Turbo brought a renewed motion to dismiss. (See Doc. No. 28) And, by Memorandum Opinion and Order dated June 20, 2008, this Honorable Court granted Main Turbo Systems' Rule 12(b)(2) Renewed Motion,

2

dismissing defendant Main Turbo Systems from plaintiffs' lawsuit. (*See* Doc. 33) On page 20 of the Memorandum Opinion this Court specifically concluded:

> Neither specific nor general jurisdiction exists over Main Turbo. Because personal jurisdiction over Main Turbo is lacking, the court finds that Plaintiffs' action against Main Turbo must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

(See Doc. No. 33)

Further, the Court went on to order that:

> Main Turbo Systems' Rule 12(b)(2) Renewed Motion to Dismiss be and the same is hereby GRANTED and that Main Turbo is hereby DISMISSED as a Defendant in this lawsuit.

(See Id. p. 21)

It is in the interests of justice however that this Court consider alternative means of resolving defendant's renewed motion. In issuing this order which dismissed plaintiffs' case against Main Turbo entirely, the Court the fact that transfer of the case against defendant Main Turbo was a less drastic, available and more appropriate remedy.

Because the interest of justice would better be served, plaintiff respectfully requests that this action be transferred to another jurisdiction where subject matter jurisdiction exists, namely, the U.S. District of California Eastern Division near where defendant Main Turbo is located, in Visalia, California rather than dismissal outright. (See Doc. No. 28-1 Affidavit of Gary L. Main ¶ 2)[2]

**II.    Argument**

Federal Rule of Civil Procedure Rule 59(e) preserves the district court's right to alter, or amend an order or judgment after that order or judgment is entered. Case law

---

[2] Defendant Main Turbo's President, Gary L. Main states in an affidavit appended to Defendant's Renewed Motion to Dismiss (Doc. No. 28-1) that, "***Main Turbo is still family-owned and has only six employees at its only office in Visalia, California.***")

3

instructs that a motion to reconsider is available in the following circumstances: (1) When a party presents the court with evidence of an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. See generally Summit Medical Center of Alabama Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264 (7th Cir. 1996).

Given that this Court's June 20, 2008 ruling bars plaintiffs' suit against Main Turbo altogether, pursuant to 28 U.S.C. Section 1631, it is instead in the interest of justice to transfer this action to any other such court in which the action could have been brought.

Moreover, provided that federal jurisdiction between the plaintiffs rests upon diversity jurisdiction[3], transfer to the U.S. Court District for the Eastern District of California, near defendants principal place of business would be presumably appropriate under 28 U.S.C. Section 1332(c)(1). (See Doc. No. 28-1 Affidavit of Gary L. Main ¶ 2)

Title 28 United States Code Section 1631 explicitly gives this Court authority to transfer an action to cure a want of jurisdiction and case law provides that exercise such power at this time. Against this backdrop, transfer of case is warranted.

A.   **This Court Should Enter An Order Imposing a Less Drastic Remedy of Transferring the Case to Cure Lack of Personal Jurisdiction**

Because defendant Main Turbo filed its motion to dismiss in lieu of answering plaintiffs complaint, litigation against Main Turbo has not even progressed into the discovery phase. By Court order dated June 20, 2008, however, plaintiffs are forever barred from prosecuting their case against a party responsible for overhauling a part of

---

[3] Plaintiffs are residents domiciled in Ohio, while Main Turbo is an entity located in California.

4

the accident aircraft. In fashioning the order, dismissal of this action was not the only remedy available to the Court.

28 U.S.C. § 1631 mandates that a Federal District Court may affect transfer between a court where jurisdiction would otherwise possess jurisdiction if the transfer would be 'in the interest of justice':

> **Transfer to Cure want of jurisdiction.** Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it actually filed in or noticed for the court from which it is transferred.

See 28 U.S.C. § 1631 (Emphasis added).

The Eleventh Circuit has long recognized the utility of transferring a case upon a finding of want of jurisdiction "in the interest of justice." See Kabeller Inc., et al., v. Busey, et al., 999 F.2d 1417, 1422-23 (11th Cir. 1993) (finding that transfer was not in the interests of justice because action was still under review); Cox Enterprises, Inc., v. Holt, 691 F.2d 989, 989 (11th Cir.1982) (Finding that court had the authority to transfer a case to another district court on petition for rehearing after the Court rendered its decision which reversed summary judgment)

In Hempstead County & Nevada County Project v. Environmental Protection Agency, the Eighth Circuit Court of Appeals articulated the necessary inquiry as a three part test mandated by the langue of the statute itself:

5

First, the court where the action is originally filed must find that there is a want of jurisdiction; second, the court must determine if [transfer] is in the interest of justice; and third, that court shall then transfer the action to any such court in which the action could have been brought at the time it was filed.

See Hempstead County v. Nevada County Project v. Environmental Protection Agency, 700 F.2d 459, 462 (8th Cir. 1983)

Applied here, transfer of this cause of action is in the interest of justice. This products liability litigation involves a 2005 air crash and at the present time plaintiffs are unable to file suit against Main Turbo, in another court where personal jurisdiction would attach. Courts have considered the plight of the parties in carrying out the remedial purpose of this statute. Indeed, the situation presented in the case at bar are similar to Piazza v. Upjohn Co., 570 F.Supp. 5, 8 (M.D.La. 1983); see also Martin v. Nickels and Dimes, Inc., 804 F.Supp. 83 (D. Hawai'I 1992) (application for appellate fees would be transferred to court of appeals; transfer would serve interest of justice because dismissal of the action could have barred filing of new application in appropriate forum.) The Piazza Court noted that if the case was dismissed rather than transferred, any subsequent action would be untimely. Accordingly, the district court granted the motion to transfer, stating that section 1631 was "remedial" and "plainly designed to minimize the burden, delay, and expense for both courts and litigants."

It is without question that this Court possesses the authority to transfer the suit to a district upon a finding that personal matter jurisdiction is absent. See Carty v. Beech Aircraft Corp., *superceded by statute and on other grounds*, 679 F.2d 1051, 1066 (3d Cir. 1982) (reversed district court's decision not to dismiss for lack of personal jurisdiction and remanded for determination of application of § 1631); Roman v. Ashcroft, 340 F.3d

314, 328-29 (6th Cir. 2003) (Approving of a transfer pursuant to section 1631 to avoid a lack of personal jurisdiction) see also Renner v. Lanard Toys Ltd., 33 F.3d 277, 284 (3d Cir. 1994) (remanding for consideration of section 1631 transfer in a case in which personal jurisdiction may have been absent); Superior Edge, Inc. v. Maricopa County Community College Dist., 509 F.Supp.2d 786 (D. Minn. 2007) (U.S. District Court for the District of Minnesota, which lacked jurisdiction over Arizona licensee-community college district, transferred licensor's copyright and trademark infringement action to the United States District Court for the District of Arizona in the interests of justice under section 1631).

Importantly, defendant Main Turbo cannot claim any prejudice if the case is transferred to forum this Court finds appropriate. Plaintiffs filed their complaint on April 20, 2007 (See Doc. No. 1) and defendant Main Turbo filed its first motion to dismiss nearly one year ago. (See Doc. No. 12) During this period, little discovery has been exchanged between the parties and no adjudication on the merits of plaintiffs' claims against defendant Main Turbo has otherwise occurred.

Ultimately, only by this Court's transfer can suit can be brought against Main Turbo in its home state of California, which is where, according to its President Gary L. Main, its only offices are located. (See Doc. No. 28-1 Affidavit of Gary L. Main ¶ 2) In the interests of justice and ultimate fairness to plaintiffs, this Court ought to reconsider its order dismissing defendants and instead transfer the case against Main Turbo to an available and appropriate forum.

### B. This Court retains the Power and Discretion to Transfer Plaintiffs' Suit Against Defendant Main Turbo to a Different Jurisdiction

Lastly, this Court possesses the discretion and authority to transfer plaintiffs' suit against Main Turbo under the current presentation of the case before the Court. In fact, the 11th Circuit has considered the question of transfer under section 1631 on the merits as part of a motion for reconsideration of a circuit court's decision to dismiss for lack of jurisdiction and approved. See Slatick v. Director, Office of Worker's Compensation Programs, 698 F.2d 433, 434-435 (11th Cir. 1983)(motion to transfer to the Third Circuit granted, Court finding, "We are convinced that we lack jurisdiction to review this petition and therefore adhere to our earlier decision. We hold that we do have the power, however, to transfer this petition to the Court of Appeals for the Third Circuit, and therefore grant Slatick's alternative motion to transfer.")

Indeed, Courts have demonstrated the ability to transfer a case virtually in any procedural posture imaginable. See McKeel v. Islamic Republic of Iran, 722 F.2d 582 (9th Cir. 1983) (transferring case on appeal from a decision by a district court on the merits); Valentine Girards, Inc., v. United States Dep't of Agric., (after the main cause of action on the merits had been determined by the district court); Dynalectron Corp. v. U.S., 4 Cl. Ct. 424, 431 (1983) (transfer after the district court had already resolved a number of issues on the merits but before final judgment); Carty v. Beech Aircraft, 679 F.2d 1051, 1066 *superceded by statute and on other grounds* (*sua sponte* transfer by the court of appeals remanding for further determination by the district court) and U.S. v. County of Cook Ill., 170 F.3d 1084) (7th Cir. 1999) (Section 1631 permitting transfer of action to cure want of jurisdiction allowed court to transfer less than all claims in a civil action).

Accordingly, any argument raised that this Court lacks the ability, power or discretion to transfer the case is meritless and ought to further be disregarded by this Court. The transfer of this case is both possible and well-advised. Transfer to Defendant's home forum may expedite litigating this matter altogether and bring about a swift resolution of plaintiffs' claims against Main Turbo. For these additional reasons, no good reason exists to deny plaintiffs' motion.

### III.   Conclusion

Provided the foregoing, it is the in the interests of justice, plaintiffs' motion to reconsider this Court's Order dated June 20, 2008 dismissing defendant Main Turbo from the case at bar ought to be granted transferring plaintiffs' case to defendant's home forum or for any other relief this Courts deems necessary, fair and just.

Respectfully submitted,

NOLAN LAW GROUP


/s/ Jerome L. Skinner
One of the Attorneys for Plaintiffs
Nolan Law Group
3074 Madison Road
Cincinnati, Ohio 45209
Tel: (513)721-1350
Fax: (513)721-5029
Skinair02@aol.com

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Road
Montgomery, Alabama 36117

Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersign certifies that a true and correct copy of the foregoing *Motion to Reconsider* was electronically filed with the Clerk of the Court on this 7th day of July 2008 via the CM/ECF system which will send notification of such filing to the following attorneys of record:

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Rd.
Montgomery, Alabama 36117
tedwards2@mindspring.com
**Local Counsel for Plaintiff**

Sanford G. Hooper, Esq.
Jackson R. Sharman, Esq.
Joel Chandler Bailey, II
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th St.
Birmingham, Alabama 35203
shooper@lfwlaw.com
jsharman@lfwlaw.com
cbailey@lfwlaw.com
**Counsel for Main Turbo**

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
PO Box 78
Montgomery, Alabama 36101
cpaterson@balch.com
kpate@balch.com
**Counsel for Defendant Kelly Aerospace, Inc.**

Christopher S. Rodgers, Esq.
J. Patrick Strubel
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
csr@hfsllp.com
**Counsel for Lycoming Engines**

                                                /s/ Jerome L. Skinner
                                                Jerome L. Skinner