IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| ) | 2:07-CV-340-ID |
| v. ) | |
| ) | |
| MAIN TURBO SYSTEMS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAIN TURBO'S OPPOSITION
TO PLAINTIFFS' MOTION TO RECONSIDER**

Plaintiffs improperly sued Main Turbo in Alabama. This Court correctly dismissed Main Turbo on the grounds that it lacked personal jurisdiction over it following thorough briefing by all sides. Now, *for the first time*, and *after* this Court has dismissed Main Turbo, Plaintiffs ask this Court to transfer the case to federal court in California. This request should be denied.

It is noteworthy that Plaintiffs do not ask the Court to reconsider its ruling that there is no personal jurisdiction over Main Turbo in Alabama. Instead, after apparently making the tactical decision to "go for broke" during the jurisdictional briefing, they now want a "do over" and want to raise additional arguments not previously made. Plaintiffs could and should have requested the remedy of transfer after Main Turbo first raised a jurisdictional challenge. They did not. Plaintiffs should not be rewarded for their failure to fulfill their duty in determining the proper forum in which to bring their claims. Moreover, the plaintiffs have failed to show that they satisfy the strict requirements for Rule 59(e): there is no change in controlling law; there is no new evidence; and there is

1

no clear error or manifest injustice to correct. In further support of its opposition, Main Turbo shows as follows:

### I. Plaintiffs Have Not Met the Requirements of Fed. R. Civ. P. 59(e) and Are Not Permitted to Raise New Grounds on a Motion to Reconsider.

Plaintiffs' request for transfer did not come until *after* Main Turbo was dismissed from the suit. Because the case is over as to Main Turbo, Plaintiffs made their motion pursuant to Fed. R. Civ. P. 59(e) asking the Court to alter, amend or vacate the judgment in Main Turbo's favor. As noted in Plaintiffs' brief, a motion to alter or amend under Rule 59(e) is available only "[w]hen a party presents the court with evidence of an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." Pls' Brief, p. 4 (citing Summit Medical Center of Alabama Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). Plaintiffs' motion satisfies *none* of these criteria. There has been no change in the law, there is no new evidence, and the court made no error in dismissing Main Turbo. Thus, the motion should be denied.

Not only does Plaintiffs' motion fail to meet the requirements for relief under Rule 59(e), their argument for transfer is untimely because it first appeared in the motion to reconsider. "[The Eleventh Circuit] has held that a motion to reconsider should not be used by the parties to set forth new theories of law." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). "Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1997). Indeed, "[d]enial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the

failure to raise the issue at an earlier stage in the litigation." Id., quoting Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990).

Here, the Plaintiffs were not entitled to sit back and wait to see how the Court ruled on the jurisdictional motion before they raised an alternative argument against dismissal. Plaintiffs' failure to request a transfer before entry of dismissal — or explain why they failed to raise the issue earlier as noted in Lussier, supra — is especially egregious here because they had two opportunities over an extended period of time to do so. Plaintiffs could have raised the issue of transfer in opposition to Main Turbo's Motion to Dismiss, filed on July 13, 2007, and in opposition to the Renewed Motion to Dismiss, filed on April 18, 2008. Plaintiffs' failure to request a transfer long ago when Main Turbo first raised the jurisdictional defect precludes their attempt to seek transfer on reconsideration.

## II. The Court Should Not Transfer the Case Pursuant to 28 U.S.C. §1631.

Should the Court consider the untimely argument regarding transfer, the request for transfer is due to be denied on the merits. Pursuant to the terms of 28 U.S.C §1631, three requirements must be met before a case may be transferred: (1) lack of jurisdiction on the transferring court; (2) the transfer must be in the interest of justice; and (3) the transfer must be to a court in which the action could have been brought at the time it was filed. Here, the transfer should be denied because the transfer would not be in the interest of justice, and the Court may not transfer only certain claims in an action.

    A.    The Court Should Not Reward Plaintiffs' Failure to Ascertain Whether Personal Jurisdiction Existed in Alabama Over Main Turbo Before Filing Suit and Failing to Protect Their Interests.

Federal courts across the country have addressed the situation where, as here, a less than diligent plaintiff attempts to salvage a lawsuit after either laying venue in the wrong district court or filing in a court where jurisdiction is lacking over a party. See 28 U.S.C. §§ 1404, 1406, 1631. Each of these transfer statutes requires that the party requesting transfer show that the transfer is in the "interest of justice." Here, the transfer would not be in the interest of justice because the Plaintiffs failed to take necessary, and relatively simple, steps to protect their interests.

Many courts have refused a transfer in similar circumstances. In Coté v. Wadel, 796 F.2d 981 (7th Cir. 1986), the Seventh Circuit upheld a district court's ruling to dismiss, rather than transfer, a case brought in Wisconsin by a Wisconsin resident, Colleen Coté, against a Michigan law firm. As in this case, Ms. Coté was not able to refile her case in Michigan because the statute of limitations had run in that state. Id. Noting that the district court "penalized Coté heavily for filing her suit in the wrong district," the Seventh Circuit held that this penalty was proper because:

> [T]he mistake was elementary. Elementary prudence would
> have indicated to her lawyer that he must file a protective suit in
> Michigan because there was only a slight probability of
> obtaining personal jurisdiction in Wisconsin over the defendants.

Id. at 985.[1]

The same can be said for the Plaintiffs' attempt to sue Main Turbo in Alabama. "Elementary prudence" dictates that Ohio residents would not be able to establish personal jurisdiction in Alabama over a small California Company for a plane crash that

---

[1] A federal district court in Florida relied on the Coté decision in denying plaintiffs the right to pursue defendants in Florida after the case was transferred there from a Washington district court. Shute v. Carnival Cruise Lines, Inc., 804 F. Supp. 1525 (S.D. Fla. 1992).

occurred in Tennessee. The only connection that this case has to Alabama is that one of the other named defendants, Kelly Aerospace, is based in Montgomery. As the Seventh Circuit cautioned in Coté, plaintiffs and their counsel "must determine where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster." Id. The same is true here.

Plaintiffs were well aware of the need to investigate personal jurisdiction *before* they filed suit. These same Plaintiffs filed suit against another defendant, Air Tolin - the company that installed Mr. Pease's turbocharger in the days before his crash - in Ohio, not here. Obviously, Plaintiffs concluded that they could not get personal jurisdiction in Alabama over Air Tolin. Even the simplest investigation would have led Plaintiffs to the same conclusion with respect to Main Turbo and Alabama.[2] Plaintiffs' failure to conduct a similar investigation as to Main Turbo in Alabama should not now be rewarded by a request to transfer the claims against Main Turbo after those claims have been dismissed.

Other cases further show that dismissal, not transfer, was proper here. In Nichols v. G.D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993), the Fourth Circuit affirmed a district court decision declining to transfer the claims of one hundred and sixteen (116) plaintiffs who filed products liability actions in Maryland against defendant Searle. The Court noted that:

> a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantially unnecessary costs on both the defendant and the judicial system,

---

[2] For example, Plaintiffs could have researched Main Turbo's website, at www.mainturbo.com, where they would have seen that Main Turbo has only one location which is in California and that the company is "family owned and operated."

5

>simply to transfer his/her action to the proper court, with no cost
>to him/himself or his/her attorney.

Id. at 1201. The Court noted that "plaintiffs' attorney here could have reasonably foreseen when they brought their claims that the Maryland district court lacked personal jurisdiction over their actions." Id. at 1202. Here, plaintiffs' counsel should have "reasonably foreseen" that personal jurisdiction did not exist over Main Turbo in Alabama.

Similarly, in Spar, Inc. v. Information Resources, Inc., 956 F. 2d 392 (2nd Cir. 1992), the Second Circuit upheld a district court that refused to transfer an action from New York to an Illinois federal court so that the plaintiff could cure a statute of limitations defect. To do so "would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice." Id. at 394. The Court noted that "[t]he 'interest of justice' analysis is 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums.'" Id. at 392 (citing Murphy v. Klein Tools, Inc., 693 F. Supp. 982, 988 (D. Kan. 1988).

Further, a transfer would not be in the interest of justice because Plaintiffs had a host of other options to protect themselves from the situation they are now in, yet they did not take those steps. For example, they could have filed a protective suit against Main Turbo in California, as suggested in Coté, in April 2007 at the same time they filed this suit in Alabama.[3] Instead, the Peases, as was said about plaintiffs in a similar case, "gambled their case on an extremely dubious theory of personal jurisdiction." Saylor v.

---

[3] California follows a two year statute of limitations for negligence claims such as the Peases' claims against Main Turbo. Fox v. Ethicon Endo-Surgery, Inc., 2005 Cal. LEXIS 4911, May 9, 2005.

Dyniewski, 836 F. 2d 341 (7th Cir. 1988), superseded by statute on other grounds as stated in FMC Corp. v. Varonos, 892 F.2d 1308 (7th Cir. 1990).

Likewise, Plaintiffs' counsel could have sought a tolling agreement with Main Turbo rather than lumping Main Turbo in a suit in Alabama with two large defendants whose contacts with Alabama were much more obvious. This would have allowed Plaintiffs extra time, if needed, to determine the proper jurisdiction in which to bring their suit. Main Turbo is unaware of any attempt by Plaintiffs to seek a tolling agreement.

Each of the above options was available to Plaintiffs who filed their suit *six weeks* before the statute ran in Alabama and California. This is not a case where plaintiffs made "an erroneous guess" at the last minute with regard to jurisdiction. See Griffin v. Dana Point Condominium Ass., 765 F. Supp. 498, 502, n. 6 (N.D. Ill. 1991). Instead, they had ample time to research and investigate whether jurisdiction could properly be asserted over Main Turbo in Alabama. They did not. The motion to reconsider the dismissal and order transfer should be denied.

B.  Transfer is Not in the Interest of Justice Because Plaintiffs Have Not Shown That They Will Be Denied Full Relief.

This is not a situation where the dismissal of Main Turbo, as opposed to the transfer of Main Turbo, denies the Plaintiffs any relief. Rather, despite the dismissal, Plaintiffs currently have *two* active lawsuits pending that seek relief for Mr. Pease's injuries from the accident – one in this Court and another in Ohio. Plaintiffs have made no showing that they will be deprived of full relief from the remaining three defendants

as a result of Main Turbo's dismissal.[4] In other words, the plaintiffs have not proven that they will be denied "justice" by the dismissal of Main Turbo, and the motion should be denied.

### C. This Court May Not Transfer Individual Claims, as Opposed to the Entire Action, Pursuant to 28 U.S.C. §1631.

The plain language of 28 U.S.C. §1631 states that, in the interest of justice, a court may transfer an "*action*" to another court. Significantly, the statute does not permit a court to splinter off certain claims. Yet, Plaintiffs ask this Court to send only a part of this action elsewhere. This is not permitted, and the motion should be denied.

Main Turbo acknowledges that the Courts of Appeals are split on the issue, compare Hill v. Air Force, 795 F.2d 1067 (D.C. Cir. 1986) (holding that §1631 directs a court to transfer an "action") with U.S. v. County of Cook, Illinois, 170 F.3d 1084 (7th Cir. 1999) (holding that §1631 permitted a court to transfer claims), and that it does not appear that the Eleventh Circuit has addressed the issue. However, Main Turbo submits that the plain language of the statute must be followed. This Court may not transfer less than the entire "action." Therefore, it may not grant the Plaintiffs the relief they seek.

### Conclusion

For the above stated reasons, Defendant Main Turbo respectfully requests that Plaintiffs' motion to reconsider be denied.

*[signature]*

One of the Attorneys for Defendant
Main Turbo Systems, Inc.

---

[4] For example, there is no suggestion that any of the remaining defendants in the Alabama and Ohio action are judgment proof.

OF COUNSEL:
Jackson R. Sharman III (SHARJ6416)
J. Chandler Bailey (BAILC4526)
Sanford G. Hooper (HOOPS7271)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Road
Montgomery, AL 36117
tedwards2@mindspring.com

Jerome L. Skinner, Esq.
Nolan Law Group
3074 Madison Road
Cincinnati, OH 45209
jls@nolan-law.com

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
cpaterson@balch.com
kpate@balch.com

Christopher S. Rogers, Esq.
J. Patrick Strubel, Esq.
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
csr@hfsllp.com
jps@hfsllp.com

/s/ Sanford H. Hooper
OF COUNSEL