# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| DAVID H. PEASE, III and LISA PEASE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv340-ID |
| ) | |
| MAIN TURBO SYSTEMS, KELLY ) | |
| AEROSPACE, INC., d/b/a KELLY ) | **ORAL ARGUMENT** |
| AEROSPACE POWER SYSTEMS, INC., ) | **REQUESTED** |
| LYCOMING ENGINES, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' REPLY TO DEFENDANT MAIN TURBO'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER

Despite Defendant Main Turbo's Opposition, the fact that it is within "the interest of justice" as well as this Court's power to transfer plaintiffs' lawsuit against Main Turbo pursuant to 28 U.S.C. § 1631 remains uncontroverted. Plaintiffs' Motion to Reconsider ought to be granted and the action against Main Turbo transferred. (See Doc. 36)

Defendant Main Turbo's opposition mischaracterizes the letter and spirit of §1631. As one court noted, the stated purpose of the statute was designed to remedy the situation presented here, in which a litigant has mistakenly filed an action in a court that lacked jurisdiction. U.S. v. County of Cook, Illinois, 170 F.3d 1084, 1089 (C.A. Fed. 1999) According to Congress:

> Because of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be mistakenly filed in a court-either trial or appellate-that does not have jurisdiction. By the time the error is discovered, the statute of limitations or a filing period may have expired. Moreover, additional expense is

1

> occasioned by having to file the case anew in the proper court.

S.Rep.No. 97-275 at 30 (1981)

In its opposition, Main Turbo charges that plaintiffs should have filed a protective suit in California to avoid dismissal for want of personal jurisdiction. §1631 however was specifically promulgated by Congress in order to avoid the filing of such protective suits:

> "A litigant's main protective device***[was] the wasteful and costly one of filing in two or more courts at the same time. This put increased burdens on the courts as well as on the parties."

S. Rep. No. 97-275 (1981)

Indeed, following defendant's argument, plaintiff would have had incur the time and expense of filing an additional "protective" lawsuit in California even though plaintiffs had a colorable claim that jurisdiction could be had over Main Turbo in Alabama. Given that the personal jurisdictional inquiry was largely dependent upon the nature, volume and quality of Main Turbo's contacts with Alabama, (including its sales in the state), simply because Main Turbo is a "family owned and operated" company located in California it does not also follow that Main Turbo could not have been hauled into court elsewhere. In fact, this Court permitted limited jurisdictional discovery regarding defendant's jurisdictional contacts before ordering briefing on the Main Turbo's Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(2).

Importantly, in support of its argument that dismissal not transfer ought to follow, defendants cite to cases involving Sections 1404(a) and 1406(a) which permit transfer of jurisdiction for improper venue rather than transfer to cure want of jurisdiction under §1631. Thus, the cases cited in defendant's brief, including Nichols, Cote, Spar, Shute,

2

Murphy, Saylor, and Griffin are altogether inapposite. (See *Defendant's Opposition*, Doc. 42) Ultimately, Main Turbo does not establish that whether a protective suit should have been filed or whether plaintiffs exercised "elementary prudence" in filing in Alabama are issues for this Court to consider in determining whether transfer pursuant to §1631 remains appropriate.

Instead, transfer pursuant to Section 1631 is a viable remedy in this instance and Main Turbo fails to show otherwise. Provided that plaintiffs may very well be forever barred from bringing a like action against Main Turbo for its acts surrounding the 2005 crash, it is in the "interests of justice" that a transfer under § 1631 rather than dismissal follow. See Piazza v. Upjohn Co., 570 F.supp.5, 8 (M.D. La. 1983); see also Martin v. Nickels and Dimes, Inc., 804 F.Supp. 83 (D. Hawaii 1992)

Defendant also fails to address that the 11th Circuit has condoned entertaining the question of whether a case could be transferred in the procedural context of a motion to reconsider. See Slatick v. Director, Office of Worker's Compensation Programs, 698 F.2d 433, 434-435 (11th Cir. 1983) (motion to transfer to the Third Circuit granted, Court finding, "We are convinced that we lack jurisdiction to review this petition and therefore adhere to our earlier decision. We hold that we do have the power, however, to transfer this petition to the Court of Appeals for the Third Circuit, and therefore grant Slatick's alternative motion to transfer.")

Provided this backdrop, and given that suit is now barred from being brought elsewhere, it remains in the interests of justice for this Court to reconsider its order dismissing plaintiffs' suit altogether and instead order transfer pursuant to Section 1631.

3

Respectfully submitted,


BY: /s/ Jerome L. Skinner, Esq.
    One of the Attorneys for Plaintiffs
    NOLAN LAW GROUP
    3074 Madison Rd.
    Cincinnati, OH 45209
    (513) 533-2026
    F: (513) 721-2301
    jls@nolan-law.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing *Plaintiffs' Reply to Defendant Main Turbo's Opposition to Plaintiffs' Motion To Reconsider* which was filed electronically on this 28th day of July 2008 via the CM/ECF system which will send electronic notification to the following attorneys of record:

Thomas R. Edwards, Esq.
Thomas Edwards, P.C.
8244 Old Federal Rd.
Montgomery, Alabama 36117
tedwards2@mindspring.com

Sanford G. Hooper, Esq.
Jackson R. Sharman, Esq.
Joel Chandler Bailey, II
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th St.
Birmingham, Alabama 35203
shooper@lfwlaw.com
jsharman@lfwlaw.com
cbailey@lfwlaw.com

Charles B. Paterson, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
PO Box 78
Montgomery, Alabama 36101
cpaterson@balch.com
kpate@balch.com

Christopher S. Rodgers, Esq.
J. Patrick Strubel
Huie Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
csr@hfsllp.com

                                              /s/ Jerome L. Skinner, Esq.