IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID H. PEASE, III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-0340-ID |
| | ) | |
| KELLY AEROSPACE, INC., d/b/a | ) | (WO) |
| KELLY AEROSPACE POWER | ) | |
| SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is now before the Court on the Plaintiffs' motion, filed March 16, 2010, to

stay the present trial schedule and transfer venue to the United States District Court for the

Middle District of Pennsylvania. (Doc. #59).  The Court ordered Defendant Lycoming Engines

to show cause no later than March 30, 2010 why the Plaintiffs' motion should not be granted.

(Doc. #61).  The Defendant responded in opposition on March 29, 2010. (Doc. #65).  For good

cause shown, the Court finds that the Plaintiffs' motion to transfer venue to the Middle District

of Pennsylvania is due to be GRANTED.

## I.  BACKGROUND

This action arises out of injuries Plaintiff David H. Pease, III suffered after the airplane in

which he was traveling crashed near Tazewell, Tennessee on June 5, 2005. (Doc. #1 at 1).  On

April 20, 2007, Plaintiffs filed this diversity suit in the Middle District of Alabama against Kelly

Aerospace, Inc., Lycoming Engines, Main Turbo Systems, and other defendants unknown to the

1

Plaintiffs at the time of the complaint. According to the complaint, the Piper/PA-32R-301T aircraft that Mr. Pease was operating experienced an engine failure, lost altitude, and crashed. (*Id.*). According to the complaint, the plane was fitted with a TIO-540 engine manufactured by Lycoming Engines. (*Id.* at 8-9). Plaintiffs alleged that the engine failure was caused in whole or in part by engine oil starvation and failure of other critical engine parts. (*Id.*). Plaintiffs also alleged that Lycoming Engines breached its duty of reasonable care to the Plaintiffs by negligently and carelessly designing and manufacturing the TIO-540 engine on the airplane operated by Mr. Pease, and negligently and carelessly failing to warn pilots, operators, and repair facilities of the hazards of the TIO-540 engine. (*Id.*).

On June 20, 2008, the Court granted Defendant Main Turbo Systems' motion to dismiss the claims against it and Main Turbo Systems was dismissed from the case. (Doc. #33). On August 20, 2009, the Court granted Defendant Kelly Aerospace's motion to dismiss the claims against it and Kelly Aerospace was dismissed from the case. (Doc. #53). Defendant Lycoming Engines is the only defendant that remains in this action. On March 16, 2010, Plaintiffs moved this Court to stay the present trial schedule and transfer venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). In support of their motion to transfer venue, Plaintiffs assert that the Middle District of Pennsylvania is a more convenient forum for this case and that transfer to that venue is in the interest of justice. Defendant Lycoming Engines objects to Plaintiffs' motion claiming that the motion is untimely and that a transfer will further delay the litigation and cause Defendant to incur additional litigation costs.

## II.  DISCUSSION

Under 28 U.S.C. § 1404(a),  "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party moving for transfer bears the burden to demonstrate that the transfer would be in the interest of justice and for the convenience of the parties.  *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  Therefore, in analyzing the Plaintiffs' current motion, the Court must consider the following two questions: First, could the action have been brought in the Middle District of Pennsylvania? Second, is the requested transfer for the convenience of the parties and in the interest of justice? *See, e.g.*, *C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (stating a two-step approach to resolution of a § 1404(a) motion).

In addressing the first question, Plaintiffs assert that venue would be proper in the Middle District of Pennsylvania because Lycoming Engines designed, manufactured and tested the engine in question in Williamsport, Pennsylvania – a location within the jurisdiction of the Middle District of Pennsylvania.  *See* 28 U.S.C. § 1391(a)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Defendant acknowledges that this case could have been brought in the Middle District of Pennsylvania.  (Doc. #65 at 3).  Accordingly, the Court finds that the United States District Court for the Middle District of Pennsylvania is a proper venue for this action.

In addressing the second question, "the district court has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice."  *Weber v. Coney*,

642 F.2d 91, 93 (5th Cir. 1981)[1]; *see also Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996) ("28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court.").  The Supreme Court has instructed that district courts are to "adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988).

In this Circuit, the factors to be considered in evaluating a motion under § 1404 include "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

Regarding the convenience of potential witnesses,  Plaintiffs' claim that "a substantial number of witnesses reside" in the Middle District of Pennsylvania is undisputed by the Defendant.   (Doc. #59 at 5; Doc. #65 at 4). In particular, Plaintiffs indicated that they plan to call Marian Folk, Lycoming's Engineering Representative who is located in Williamsport, Pennsylvania. (Doc. #60 at 5; Doc. #66 at 3).  Further, venue in the Middle District of Pennsylvania affords Plaintiffs the availability of compulsory service of process. Moreover,

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Plaintiffs' claim that "no Lycoming witnesses likely to testify at trial are located in Alabama" is undisputed by the Defendant.  (Doc. #60 at 5).  In the Court's view, the location of potential witnesses favors transfer to the Middle District of Pennsylvania.

As for the convenience of the parties, neither of the remaining parties to this action is an Alabama resident.  Lycoming Engines is a Pennsylvania corporation with its principal place of business in Williamsport, Pennsylvania.  (Doc. #59 at 4-5).  The Plaintiffs are citizens and residents of Cincinnati, Hamilton County, Ohio.  In the Court's view, this factor also favors transfer to the Middle District of Pennsylvania.  *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654-55 (11th Cir. 1993), *cert denied*, 513 U.S. 814 (1994) (holding that in an employment discrimination action the court properly transferred a case to the venue in which the employer's plant, employment records, and probable witnesses were located).

It is also significant that the Middle District of Pennsylvania is now the Plaintiffs' choice of forum and that deference should be given to that choice.  *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."); *A.J. Taft Coal., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1309 (N.D. Ala. 2003) ("in this Circuit, a plaintiffs choice of forum typically is entitled to considerable deference").  The Court acknowledges that such deference is usually based on a plaintiff's initial choice of forum.  Nevertheless, the Court finds that this consideration remains relevant under the circumstances here where Plaintiffs are moving to transfer, even if the weight given to this consideration is diminished.  Accordingly, the Plaintiffs' choice of forum also favors transfer to the Middle District of Pennsylvania.

With respect to the interest of justice, this district's previous connection with this case

has ended.  Defendant Kelly Aerospace, an Alabama corporation, has been dismissed from this case and Defendant Main Turbo Systems, who, according to the complaint, conducted "substantial and systematic business in the State of Alabama" has also been dismissed. (Doc. #1 at 3).  In contrast, the interest of justice would be served by transfer to Pennsylvania because that state has a significant interest in this action. A Pennsylvania corporation is a defendant in this action and that corporation designed, manufactured and tested the engine in question in Williamsport, Pennsylvania.

Defendant's primary arguments opposing the transfer are (1) that Plaintiffs' motion is a dilatory tactic to prolong litigation; (2) that Plaintiffs' motion is untimely; and (3) transfer to Pennsylvania will cause Defendant to incur additional litigation costs.  The Court finds these arguments unpersuasive.  First, while Plaintiffs' motion may indeed delay the litigation, the Court is not persuaded that the Plaintiffs' motion is an attempt at unnecessary or bad faith delay. Second, although the Plaintiffs waited nearly seven months from the dismissal of Defendant Kelly Aerospace to file this motion to transfer, "[a] delay in making a motion for transfer is not generally a sufficient ground for denying the motion, although it is a factor which may be taken into consideration." *See Angrignon v. KLI, Inc.*, 2009 WL 1657556 *2 (S.D. Fla. 2009) (unpublished) (quoting 32A Am.Jur.2d Federal Courts § 1298).  Third, taking both the potential delay in making the motion and the potential additional litigation costs together, the weight of the above mentioned factors favoring transfer still strongly outweigh the considerations against transfer.

Therefore, in light of the above considerations, the Court finds that the convenience of the parties and witnesses and the interest of justice favor transfer of this action to the United

States District Court for the Middle District of Pennsylvania.

**CONCLUSION**

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiffs David H. Pease, III and Lisa Pease's Motion for Stay of the Present Trial Schedule and Change of Venue (Doc. # 59) is GRANTED.

(2)  It is further ORDERED that this action be, and the same hereby is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania for all further proceedings.

(3) Any other pending motions are left for resolution by the United States District Court for the Middle District of Pennsylvania.

(4) The Clerk of the Court is DIRECTED to take the necessary steps to effectuate said transfer.

DONE this the 19th day of April, 2010.

/s/ Ira DeMent
_____
SENIOR UNITED STATES DISTRICT JUDGE
